LOTTINGER, Judge.
This is a suit for workmen’s compensation resulting in an alleged accident sustained while the minor son of petitioner was working on a farm operated by the defendants. The Lower Court awarded judgment for $19.50 per week beginning March 25, 1953, for the duration of the disability not to exceed 400 weeks, plus interest and doctor bills. The defendants have appealed.
The facts show that the alleged accident occurred on March 25, 1953 while petitioner’s minor son was employed as a farm *258 laborer by the partnership of defendants. The petitioner alleges that while operating a tractor on defendants’ farm it was necessary for the minor to pick up a levee plow, hitch the plow to the tractor and move the plow to a different section of the field. The evidence shows that the plow weighed approximately seventeen hundred pounds. The petitioner claims that while his son was lifting the tongue of the plow, he received an injury which has been diagnosed as a partial avulsion of the hamstring muscle origin at the posteromedial aspect of the left thigh with secondary weakness of the posterior compartment of the left thigh, resulting in a partial loss of the support of these muscles in their function of maintaining stability of the posterior aspect of the left knee. Petitioner claims permanent and total disability and seeks judgment as awarded by the Lower Court.
The defendants filed an exception of no cause or right of action claiming that they are not in a hazardous occupation and therefore do not come under the Louisiana Compensation Law, LSA-R.S. 23:1021 et seq. The exception was referred to the merits. The defendants also filed answer, which in effect is a general denial. The Lower Court awarded judgment in favor of petitioner. The defendants filed motion for rehearing, which was denied by the Lower Court.
The evidence shows that the defendants operated a farm equipment store in the town of Eunice, Louisiana. The store was incorporated and was evidently the principal business venture of both defendants. As a sideline, they owned, in indivisión, a tract of land consisting of some 500 acres in the Parish of Acadia. The vast majority of this tract was leased to a tenant, however, the defendants did raise cattle on approximately 35 acres of this tract. The petitioner’s son was employed by the defendants to plow this 35 acres, preparatory to the planting of grazing crops. The defendants owned a tractor which was used for the purpose of plowing the 35 acre tract, and it was while in. the venture of plowing the tract that the minor attempted to lift the heavy levee plow and sustained the injury.
The facts show that although Mr. Seale, one of the defendants, was only some 15 feet away from the minor at the time of the alleged accident, the minor did not at that time complain to Mr. Seale of his injury. As a matter of fact, the minor continued working that day, worked the following day, and worked half day the next day which was Saturday. The occurrence of the injury was mentioned to the minor’s parents the day of the accident at dinner time, and he also complained to a neighbor who was visiting in his parent’s home at the time. Mr. Seale contends that he was. not notified of any injury to the minor until the following Monday, at which time the minor called and told him that he was. unable to go to work because of pain in his. side. Mr. Seale picked up the minor at his. home and drove him to the doctor’s office. Mr. Seale contends that even then he did not know that the injury had occurred within the course of the minor’s employment with him. The minor contends that he mentioned the injury to Mr. Seale on the afternoon of the accident and again on Saturday morning. However, we feel that the evidence casts doubt on this contention.
The minor apparently thought that he had sustained a hernia and had Dr. Reed examine him for such an injury. Dr. Reed examined him on March 30, 1953 and found no hernia. Dr. Reed stated that the boy did not complain of any leg- or knee injury on that date. The boy returned to Dr. Reed on April 4, 1953 complaining of an injury to the left knee. The examination showed a tender place in the inner aspect of the head of the tibia, and the diagnosis was a strained ligament. The boy went to Dr. Reed’s office on 4 occasions during a period of approximately 3 weeks when Dr. Reed told the boy that his knee should be well in a period of approximately 2 weeks. The boy was examined by 3 doctors in the interim and on September 11, 1953, was examined by Dr. George P. Schneider, Jr., an orthopedic surgeon. Dr. Schneider gave *259 the boy extensive treatment, and- claimed total disability at the time of the trial. Dr. Schneider testified, by deposition, that the •disability could be relieved by surgical procedures.
 The first complaint of the-defendants is to the effect that they are not engaged in a hazardous trade under the provisions of the Louisiana Workmen’s Compensation Law. We feel that the holding of the Lower Court was correct in holding them within the scope of said law. The facts show that the operation of a tractor was an integral part of their farming. We feel that the act does apply to the situation presented in this case. See Pierre v. Farm Development Corp., La.App., 39 So.2d 154. The defendants further claim that the petitioner has failed to prove an accident to his son while working for the defendants. The Lower Court felt that the accident was sufficiently proven by the fact that the minor had mentioned the occurrence of the accident to his family and a neighbor, and by the further fact that the evidence shows several parties to have been appraised of the fact that the son limped after the occurrence of the alleged accident where he had not limped prior to that time.
The defendants further complained that the petitioner has failed to prove any disability. The testimony of Dr. Schneider indicated that it is possible for a person suffering from this particular injury to work under pain. His testimony indicates that certain parties might attempt to work under pain while others would not attempt to do so; for pain would affect some individuals more than others. It is true that the minor continued working for defendants for a period of approximately 2 days after the accident. He also worked for other individuals for a total period of approximately a week after the accident. However, the minor did testify that this labor was done in pain and that he thought the injury would improve in time.
We feel that the petitioner’s son did wait an extremely long time before consulting with a specialist- about his- injury. He claims that the reason he waited so long was because he believed that the injury would cure itself in time and that the. accompanying pain would subside.
The testimony of Dr. Schneider shows that an injury of this nature would first be felt in the groin, and that later, a secondary symptom would develop in the knee. This is exactly the symptoms suffered by young Martel, which would probably account for his first believing that he had suffered a hernia. '
We have read the entire record and have failed to find an obvious error on the part of the Lower Court. The jurispm-, dence of this State is to the effect that the Lower Court will not be reversed on question of fact unless the findings of the Lower Court have been manifestly erroneous. For the reasons hereinabove assigned, the judgment of the. Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Judgment affirmed.