(54 South. 123.)

No. 18,144.

LYNCH v. AMERICAN BREWING CO. et al.

(Jan. 16, 1911.)

*(Syllabus by the Court.)*

NEGLIGENCE (§ 110*)—PLEADING (§ 18*)—SUFFICIENCY OF PETITION—VARIANCE.

To maintain a cause of action, one must allege every fact that gives rise to the right sought to be vindicated. The presumption is in favor of ownership and all the rights of ownership, and, in order to give plaintiff rights greater than that of a trespasser, she should have alleged the authority by which she was on the premises of the defendant. The rules of pleading demand certainty and cannot be relaxed so as to allow a plaintiff to cure the omission in the petition of an essential allegation by evidence which may or may not be produced at the trial on the merits.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 110;* Pleading, Cent. Dig. § 39; Dec. Dig. § 18.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by Mrs. Mary Ellen Lynch against the American Brewing Company and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

Fergus Kernan, for appellant. Gustave Lemle and Arthur A. Moreno, for appellees.

BREAUX, C. J. The plaintiff, a seamstress, brought this action against the defendants to recover damages in the sum of $10,000.

Her complaint is that on the 16th day of August, 1907, she met with an accident which caused her severe bodily and mental pains, for which the defendants are liable.

She avers that, while storing her furniture and sewing machine on property described in her petition as belonging to defendants, owing to defendants' negligence, in allowing the use of the door of the stable on the property, which opened and closed on trolley wheels, and was unsafe and dangerous in the position in which it was, she was very badly hurt by the door falling and striking her, the

weight of the door threw her to the ground and crushed her, and inflicted permanent injury from which she suffered excruciating pains; that the fact that the door was dangerous as it unsafely hung on the hinges should have been known to the defendants at the time; that she knew nothing of the danger as the defect was not apparent, and could only be detected after minute and close inspection; that it was, none the less, a menace and a threatening danger to any one who might pass through the door.

That Frank Kramer, one of the defendants, was a tenant of the American Brewing Company, the owner.

She details with minute particularity all the wrongs imposed and the injury suffered, but she failed to allege that she had a right to be on the premises, or that she was wantonly injured by defendant or any of its agents or employés.

The cause came up before the district court on the plea of no cause of action, interposed by defendants.

The court maintained the plea and dismissed the suit.

The plaintiff appeals.

### Discussion—Decision.

Plaintiff has not averred a distinct issue for which the defendants are liable. There is no complete cause of action averred.

It was an essential matter for plaintiff to allege how it was that she was on defendants' premises at the time; and she should have averred that she was not at fault, and that she had a right to be where she was.

It is almost useless to say that one may sue for injury sustained while he is on the property of another, but it is important to account for his presence on the property; otherwise, he is without cause of action.

The presumption is in favor of ownership and all of the rights which arise from ownership. The right to be on another's premises and store furniture thereon should have been averred.

The owner may have a loose door in one of the buildings on his place. If a third person passes therein and meets with an accident, is should be alleged in the petition that the act which the person was doing was lawful. That he was not a mere trespasser should be, in some way, shown. Until that allegation is made, the owner cannot be considered at fault or liable in any way. It is not a matter of evidence, but it is a matter of allegation.

On the face of the petition, it does not appear that plaintiff had the least right to be on the property or to store her furniture there.

A plaintiff may not prove what he does not allege.

The rules of practice are unbending.

Reasonable certainty is required in pleading. It conduces to strict impartiality.

The rules of practice should not be relaxed or set aside in order to enable parties to supply or cure an omission, in the petition, on the merits, by testimony which may or may not be produced.

A cause of action ought to be alleged in due time.

There remains only one alternative; it is to affirm the judgment.

For reasons stated, the judgment is affirmed.