(54 South. 124.)

No. 18,598.

PRODUCERS' TURPENTINE CO. v. PRINGLE et al.

In re PRODUCERS' TURPENTINE CO.

(Jan. 16, 1911.)

*(Syllabus by Editorial Staff.)*

1. ABATEMENT AND REVIVAL (§ 69*)—DEATH OF PARTIES PENDING DISPOSITION ON APPEAL.

Under court rule 13 (47 South. viii), providing that, when pending an appeal either

party shall die, his proper representative may voluntarily come in and be substituted a party, and thereupon the case shall be heard as in other cases, an application by the administrator and heirs of a party who dies pending an application for a rehearing to be made parties authorizes the court to dispose of the application for a rehearing, and its action in so doing is a recognition of the presence of the administrator and heirs.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 69.*]

2. APPEAL AND ERROR (§ 1200*)—DISPOSITION OF CASE ON APPEAL—EFFECT.

The proper forum in which to seek relief against an irregularity in a judgment of the Supreme Court, based on the fact that the heirs and administrator of a deceased party were not made parties, is in the Supreme Court, and the trial court may not enjoin execution of the judgment as having been irregularly rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4672; Dec. Dig. § 1200.*]

3. APPEAL AND ERROR (§ 1198*)—DISPOSITION OF CAUSE ON REHEARING—EFFECT.

The defeated party may not urge errors in a judgment of the Supreme Court after denial of a rehearing, and he may not resort to an injunction in the lower court to enjoin execution of the judgment of the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1198.*]

Application for mandamus by the Producers' Turpentine Company to compel the granting of an injunction to restrain execution under a judgment in favor of H. T. Pringle. Denied.

Morphy & Miller and Sugar & Williamson, for relator. McCoy, Moss & Knox, for respondent.

PROVOSTY, J. Judgment was rendered by this court in favor of one Pringle against the relator herein for some $9,000. An application for a rehearing was made, and while it was pending Pringle died. His heirs and the administrator of his succession filed in this court a petition alleging his death, and their being his legal representatives, and praying that the application for a rehearing be refused. They verified their petition by oath, and certified that a copy of it had been mailed to opposing counsel.

In due course the rehearing was refused, and the judgment was sent down to the trial court for execution. Execution having issued, and the property of relator seized, relator applied to the judge of the trial court for an injunction, on the ground that the judgment had never become final, for the reason that no legal representative of Pringle was ever made a party in the Supreme Court, and there was no plaintiff before the court when the rehearing was refused, and that, for that reason, the action of the court in refusing the rehearing was an absolute nullity, and that, such being the case, the application for a rehearing has never been disposed of, and is still pending.

The trial judge refused the injunction, and the present proceeding is an application to this court for a mandamus to compel him to grant it.

The reason assigned by relator why the above-mentioned application of the legal representatives of Pringle to be made parties did not have the effect of making them such is that:

"The making of the representatives of a deceased person parties to a suit pending in the Supreme Court should be by motion, properly allowed by the court, and an order of court should be entered making such representatives parties to the suit."

No law is cited in support of that proposition, and we know of none. The only express legal provision we know of on the subject of making parties in this court is rule 13 of this court (47 South. viii), which reads:

"Whenever, pending an appeal, either party shall die, his proper representative may voluntarily come in and be admitted a party to the suit, thereupon the cause shall be heard and determined as in other cases."

It is perfectly clear that by their said application to be made parties the legal representatives of Pringle did "voluntarily come in," and that the action of this court in proceeding to dispose of the application for a rehearing was a recognition of their pres-

ence, since no valid action could have been taken in their absence.

Moreover (as very well suggested by the learned respondent judge), the lower court, if it enjoined a judgment of this court as having been irregularly rendered, would be exercising supervisory jurisdiction over this court, a thing it manifestly cannot do; and therefore the proper forum in which to seek relief against such an irregularity as that complained of would be this court.

Another ground upon which the injunction is prayed for is that the said judgment of this court is wrong, in that it is founded upon the supposition that there was a contract, when in reality there was none.

The learned counsel for the relator can hardly believe that he can urge errors in a judgment of this court after a rehearing has been denied, and especially by injunction in the lower court.

Application denied, at relator's costs.