(61 South. 383.)

No. 19,316.

MORRIS v. GREAT SOUTHERN LUMBER CO.

(March 3, 1913.)

*(Syllabus by the Court.)*

1. RAILROADS (§ 276*)—INJURIES TO TRESPASSER—PLEADING.

 Where it is alleged that the deceased person was killed while riding on a logging train of a defendant lumber company, and it is not alleged that he had a right to be upon said train, or that he was working for the defendant, or that he was invited to ride on said train, or that he was a licensee, or that he was not a trespasser, plaintiff does not allege a cause of action for damages against such company for injuries to the deceased.

 [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 878–886; Dec. Dig. § 276.*]

2. RAILROADS (§ 273½*)—INJURIES TO TRES-
PASSER—PETITION.

A railroad company owes to a trespasser to do no act which will willfully or wantonly injure him; and in the absence of allegations to the effect that a railroad company has thus acted towards a trespasser, the petition discloses no cause of action. Holmes v. Cromwell & Spencer, Ltd., 51 La. Ann. 352, 25 South. 265.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 273½.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thos. M. Burns, Judge.

Action by Elizabeth Caroline Morris against the Great Southern Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Bascom D. Talley, of Bogalusa, for appellant. Farrar, Jonas, Goldsborough & Goldberg, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues the defendant lumber company for damages resulting from the death of her son, through the alleged gross negligence, carelessness, and fault of the defendant company, its agents, supervisors, and employés.

Defendant filed an exception of no cause of action, which was sustained; and plaintiff appeals.

Petitioner alleges that her son was riding on a log train of the defendant company; that the train came to a sudden stop, without notice or warning, which caused the petitioner's son to suddenly fall off the car; that he was injured by the fall; that the cars ran over him, mangling him; and that he died shortly thereafter. She further alleges that the damages and injuries resulting from the killing of her son were not caused by any fault on his part, and that the equipment of the train was defective.

[1] Plaintiff does not allege any contractual relation whatever between her son and the defendant company, or that he had a right to be on the property of the defendant company. She does not allege that he was a passenger on a train, but that the train upon which he was injured was a logging train, which, ordinarily, does not carry passengers. Plaintiff does not allege that defendant is a common carrier, or that her son was invited to ride on the log train, or that he was a licensee, or that he was not a trespasser. Plaintiff does not allege any facts from which the court can deduce that her son had a right to be on the train of the defendant company. He therefore will be presumed to have been a trespasser, and the petition contains no allegation which would justify the court in holding the defendant company liable for the damages alleged to have occurred to plaintiff and her son.

With reference to the defective equipment of defendant's train, the only allegation is that it was operated without air brakes; but, in the absence of any allegation to the contrary, we must assume that log trains are not required to be operated with air.

[2] Plaintiff further alleges that after the accident to her son, when he was in a dying condition, that he was taken to Isabel, La., "and there, even though offer of assistance was made to convey him with haste to the hospital at Bogalusa for treatment, it being then about 1:30 p. m., this offer was refused, and your petitioner's son was caused to wait at Isabel, in his mangled condition, suffering untold agonies and excruciating pains, from both body and mind, until the evening train passed, some three hours afterwards," and that he died "on board the regular train." She then complains of the cruel and inhuman treatment; but she does not allege who took her son to Isabel, or who refused to take him to Bogalusa to the hospital. She does not allege that the defendant refused to do these things, or that it operated a train to Bogalusa. She alleges that a regular train passed, on which her son was taken to Bogalusa; but this regular train was, doubtless, a pas-

senger train, and not one in the employ of defendant lumber company, which was alleged to be operating a logging train.

The judgment appealed from is affirmed.