O’NIELL, J.
The plaintiff appeals from a judgment dismissing her suit on an exception of no cause of action. Her demand is for damages for personal injuries alleged to have been sustained while stepping from a passenger car. Sh’e alleged, in her petition, that, in company with a number of friends and acquaintances, she boarded one of the passenger cars operated and controlled by the .defendant company between Covington and Mandeville; that, when she arrived at her destination in Mandeville, the car, in charge of the employés of the defendant company, stopped to permit the plaintiff and her friends to alight; that several persons got off ahead of her, and, when she attempted to step from the car to the ground, the car started suddenly and without warning, throwing her down and spraining her ankle. She alleged that, if the car had been in charge of competent 'and skillful employés, and if they had been attentive to their duties, th'e accident would not have occurred.
The district judge held that the allegations of the petition were deficient because the plaintiff failed to allege that she was a passenger or an employé, or was invited to ride on the ear, or that she had a right to be there, or was not a trespasser on the defendant’s property, or any other fact that would make it the duty of the employés of the defendant company to look out for her safety. The ruling is in accord with the decisions of this court in Lynch v. American Brewing Co., 127 La. 850, 54 South. 123, and in Morris v. Great Southern Lumber Co., 132 La. 306, 61 South. 383, and no good reason is suggested why it should be reversed.
The judgment appealed from is affirmed.