No. 9351.
Orleans Appeal.

---

ELLA LONG OWENS v. SOUTH NEW ORLEANS LIGHT & TRACTION CO.

---

(February 16, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 41.

In an action for damages for physical injuries alleged to have been caused by an unexpected movement of a passenger car while plaintiff was riding thereon, an exception of no cause of action

will be maintained on appeal, where the petition does not set forth that plaintiff was a passenger or an employee or a licensee when injured on defendant's car.

(*Additional Syllabus by the Editor*.)

2. **Louisiana Digest—Appeal—Par. 197.**

The court below decides a case on whatever point it deems material. It is the duty of the Appellate Court to revise its judgment, not the grounds on which it was rendered.

Appeal from the Twenty-eighth Judicial District Court for the Parish of Jefferson, Hon. Prentice E. Edrington, Judge.

This is a damage suit for personal injuries. An exception of no cause of action was sustained and plaintiff appealed.

Judgment affirmed.

L. H. Gosserand, attorney for plaintiff and appellant.

McCaleb & McCaleb, attorneys for defendant and appellee.

BELL, J. The exact, material allegations of plaintiff's petition are as follows:

"2.

"That at nine forty-five p. m., on the first day of March, 1921, your petitioner boarded car No. 1 operated by the South New Orleans Light & Traction Company, which car was on its north-bound trip on its way to Gretna.

"3.

"Now your petitioner avers that at the Texas & Pacific crossing at the junction of Adams and Anson Streets in the Town of McDonoghville, while she was alighting from the said car, and while in the act of placing her foot upon the step of the car, the said car was started by the company's agents in charge, and your petitioner, Ella Long Owens,, was violently thrown against the back portion of the said car.

"4.

"Now your petitioner further avers that the violent jolt which your petitioner received in being tossed against the grab-iron and the rear portion of the back platform caused internal injuries to her of a permanent nature.

"5.

"Your petition further represents that at the time of the said accident, she was in a state of pregnancy, and that her said injuries resulted in the premature birth of her child.

"6.

"Your petitioner now avers that the said accident was the result of gross negligence and wanton recklessness on the part of the conductor and motorman in charge of the company's car in starting the said car before your petitioner had safely alighted therefrom.

"7.

"Your petitioner further avers that the said Ella Long Owens, petitioner herein, was confined to her bed and to her room for a period of two months, during which time she suffered from contusions of the back, violent pains, and a nervous shock from which she has never fully recovered.

"8 and 9 (quantum of damages).

*       *       *       *

"10.

"Petitioner further represents that the accident, which caused her injury and suffering, was due entirely to the carelessness and gross negligence of defendant's agents, and that your petitioners did not in any wise, by fault or carelessness, contribute thereto."

The defendant filed exceptions to the foregoing petition on the grounds that the allegations in said petition were vague, uncertain and indefinite, and that the petition stated no right or cause of action.

After special hearing on the foregoing exceptions, held in the trial court, the said exceptions were overruled, and defendant, answering the plaintiff's petition, specially reserving all benefits under the exceptions formerly pleaded, denied each paragraphical allegation in plaintiff's petition.

Our appreciation of the law of this case as applied to the peremptory exception of no cause of action, renders unnecessary any consideration by this court of the evidence adduced at the trial upon the merits. It

may be here noted, however, that examination of the entire record before us does not disclose any allegations or any proof of the relations actually existing between plaintiff and defendant at the time of the accident. None of the evidence adduced at the trial of this case upon its merits discloses that defendant was either a passenger, employee or licensee, or that she was invited to ride on the car or had a right to be thereon when injured, nor is there any proof that she was not a trespasser. There is also no proof which would show that even though a trespasser, she was wilfully or wantonly injured by the defendant.

The trial judge has given no reasons for overruling the exceptions herein pleaded, but we find in the record the following reasons for the judgment which dismissed plaintiff's suit on the merits and after trial, to-wit:

"Plaintiff having failed to allege and prove the relationship of passenger and carrier between herself and the defendant company; and considering the jurisprudence of this State as enunciated in Mills vs. St. Tammany & N. O. Rail & Ferry Co., 139 La. 285, 71 South. 511; Lynch vs. American Brewing Co., 127 La. 848, 54 South. 123; Morris vs. Great Southern Lumber Co., 132 La. 306, 61 South. 383; it is ordered, adjudged and decreed that there be judgment in favor of defendant and against plaintiff, dismissing plaintiff's demand with costs."

We have not been referred to, nor have we been able to find, any authorities more applicable to the case at bar than is that of Mills vs. St. Tammany & N. O. Ry. & Ferry Co., above cited.

We are of the opinion that the present suit should have been dismissed upon the exception of no cause of action, which we now maintain.

It was held in Kenner vs. His Creditors, 3 N. S. 51, and approved in State vs. Cannon, 44 La. Ann. 738, 11 South. 86.

"The court below decides a case on whatever point it deems material. It is our duty to revise its judgment, not the grounds on which it was rendered."

Without passing upon the merits of this case as tried in the court below,

It is ordered, adjudged and decreed that the judgment appealed from be reversed and set aside and it is now ordered that the exception of no cause of action be maintained and that this suit be dismissed at plaintiff's costs in both courts.