50 So.2d 505 (1951)
DOYLE et al.
v.
THOMPSON et al.
No. 3337.
Court of Appeal of Louisiana, First Circuit.
February 8, 1951.
*506 Murray Anderson, Lake Charles, for appellants.
Milling, Godchaux, Saal & Milling, New Orleans, J. R. Stewart, Lake Charles, J. B. Nachman, Alexandria, for appellees.
DORE, Judge.
As the widow of Curtis Doyle and natural tutrix of four minor children born of her marriage to him, plaintiff has sued Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, and E. D. Higdon, engineer on one of the Missouri Pacific's trains, asking for damages because of Curtis Doyle's accidental death on the night of July 29, 1950. For herself plaintiff seeks $64,460 and for the benefit of the minor children she seeks $76,460. The petition sets out that Doyle was 48 years of age, with a life expectancy of 22 years; that he was employed by Penton Lumber Company of DeQuincy as a boiler fireman at a salary of approximately $55 per week; and that he was the only means of support for petitioner and the four children. After stating in paragraph No. 11 that at a point about ½ mile east of DeQuincy the Missouri Pacific tracks run east and west between State Highway No. 7 on the north and the properties of Penton Lumber Company on the south, with approximately one hundred feet between the highway and the lumber company properties, the petition then states in paragraph No. 12, "That on the night of July 29, 1950, at approximately 10:55 P.M. the said deceased, Curtis Doyle, was walking in an easternly direction along the South side of the aforesaid railroad tracks owned and operated by defendants at a point directly North of the said property of the Penton Lumber Company; that as the aforesaid deceased reached a spur switch and spur track that led into the properties of the said Penton Lumber Company, the deceased saw an oncoming train which was proceeding towards the town of DeQuincy, Louisiana, and in a westernly direction; that deceased stepped as far from said tracks as possible so as to permit the aforesaid train, owned and operated by defendants, to pass safely to the North of deceased; that while said train was in the act of passing deceased, some object protruding from the side of said train struck deceased and caused him to fall underneath the wheels of the passing train."
In the following paragraphs it is alleged that deceased was found beside the track some 30 minutes afterward, that both legs were severed near the knees, and that he died about seven hours after the accident. Paragraph No. 17 then recites:
"That the aforesaid accident which took the life of the said Curtis Doyle was caused exclusively and solely by the negligence of said defendants in the following, but not exclusive respects:
"1. In not keeping a proper look-out of the road bed ahead of said train.
"2. In permitting an object of sufficient length and of such nature to protrude from said train which might foreseeably cause great personal injury or death to any persons standing near said train.
"3. In not properly checking each box car at each station for defects."
In Paragraph No. 20 it is alleged on information and belief that "E. D. Higdon was the engineer running the aforesaid train or engine, and that he was acting in the course and scope of his duties * * *."
The two paragraphs above were copied verbatum here because there are no other allegations of negligence in the petition. Nor is there any allegation to show why or by what authority the deceased was walking along the side of the railroad track.
The defendants were represented by separate counsel, but exceptions of no right or cause of action were filed on behalf of each of them. After trial of these exceptions the lower court, for oral reasons assigned, found that the plaintiff had no cause or right of action under the allegations of her petition and maintained the exceptions of both defendants.
There is no difficulty in upholding the trial court's decision that plaintiff *507 did not allege a cause or right of action against the engineer, Higdon. There is no showing that he had any supervision over the loading or inspection of the train or any control over any part of it other than the engine. Nor is it alleged that he had any responsibility for seeing that the train was safe and free from defects. We feel that the statement in 51 Corpus Juris 417, under the title "Railroads", Sec. 37, that the conductor is "the general agent of the company so far as concerns the direction and immediate management of the train when it is out on the road," is a correct statement concerning the supervisory responsibility of the various railroad employees, and that if an obstruction was protruding from the side of the train it was the fault of the conductor and not the engineer. At any rate, there is no allegation that the engineer was in any way responsible for the presence of the alleged obstruction.
While it is alleged that there was negligence on the part of the engineer in not keeping a proper look-out of the road bed ahead of the train this charge is negated by other allegations to the effect that the decedent saw the train coming and stepped as far from the track as possible so as to permit the train to pass safely. Assuming those allegations to be true, then if the engineer was looking he saw the decedent step aside, so there was no cause for him to slow or attempt to stop the train. We fail to see how his action or inaction could have contributed to the accident.
Whether plaintiff has stated a right or cause of action against Guy A. Thompson, Trustee, has been more difficult to decide. Defendant has argued that the only allegations of fact applying to the cause of action are found in paragraph 12 of the petition; that paragraph 17 contains only conclusions of the pleader rather than allegations of fact. With this we cannot agree. Paragraph 17 might contain conclusions of the pleader, but they are nevertheless allegations of fact and cannot be disregarded. Defendant has further argued that the plaintiff has failed to allege that defendants were guilty of any negligence whatsoever; but in the face of paragraph 17 and the last clause of paragraph 12 the argument is without strength. Likewise we are not impressed with defendant's argument that the petition affirmatively states that the deceased was guilty of gross contributory negligence. It is not necessarily negligence to walk along a railroad track; and the petition states that the deceased stepped as far from the tracks as possible so as to permit the train to pass safely.
Although plaintiff has not cited the article, her action is predicated generally on the principle set out in Civil Code Article 2315, that "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it * * *." The main and only real basis for the exceptions filed by defendant is that the petition indicates that the deceased was a trespasser on defendant's track and that the only duty owed to him was not to wantonly or willfully injure him, and that there were no allegations indicating willful injury.
The defendant has cited five Louisiana cases and one paragraph from Corpus Juris. In Morris v. Great Southern Lumber Co., 132 La. 306, 61 So. 383, one of defendant's cases, a boy hitching a ride on a freight train was run over when he fell between the cars. There is no similarity between those facts and the facts of the present case, and the case is not relevant here. Mills v. St. Tammany & New Orleans R. R. & Ferry Co., 139 La. 285, 71 So. 511 and Owens v. South N. O. Light & Traction Co., 1 La.App. 601, are cases where the plaintiff was allegedly injured while alighting from passenger cars. In neither case was the defendant operating dangerous or defective equipment that might foreseeably cause the injury that was suffered. Furthermore, those cases were based on the breach of contractual duty, but the plaintiffs by failing to allege that they were paid passengers failed to allege facts that would establish the duty they sought enforcement of. In Lynch v. American Brewing Co., 127 La. 848, 54 So. 123, 124, the plaintiff was injured by a falling door while she was *508 trespassing in defendants warehouse. The only negligence alleged in her petition was a passive negligence; no active negligence was alleged. And in that respect, as well as the different factual situation, the case is distinguished from the present one. Also in the case of Sizemore v. Yazoo & M. V. R. R. Co., La.App., 164 So. 648, the facts are not similar to the facts of the present case. There the injured party went to sleep beside the tracks in a switch yard and was run over by a freight car while a "flying Switch" was being made. The petition showed gross negligence on his part.
The strongest authority cited by defendant is 45 Corpus Juris 1062, § 633, under the heading "Negligence", where it is stated: "Where the gravamen of the action is the alleged nonfeasance or misfeasance of defendant, the declaration or complaint, ordinarily, should allege ultimate facts showing the existence of a relation between the parties from which arose a duty of care owing from defendant to plaintiff; in other words, where simple negligence constitutes the cause of action, plaintiff should bring himself within the protection of the negligence averred by alleging such a relationship as authorizes a recovery for such negligence." See, also, 65 C.J.S., Negligence, § 186.
That rule as applied to the present situation is more succinctly stated in 44 Am.Jur. 640, § 424 under the heading "Railroads". It reads: "It is the generally accepted rule that a railroad company owes no duty to a trespasser, that is, to one who enters the premises of another without license, invitation, or other right, except after discovering his peril; that is, there is no duty owed to such persons except to abstain from wilfully or wantonly injuring them. There is no affirmative duty of care, and such persons must take the premises as they find them."
Here it might be pointed out that Article 2315 of our Civil Code does not establish varying degrees of duty to different persons in different categories. It must be acknowledged, however, that the doctrine of different degrees of duty to different groups of persons has at times found application in our jurisprudence, and a higher degree of care is ordinarily required toward invitees, for example, than toward licensees or trespassers. We do not need to pass on the question of whether it might not be equally as proper to classify trespassers into two or more groups, as for example the plaintiff in the Lynch case, supra, on the one hand, and on the other hand the case of a person walking along a railroad track. In the first case there is grave reason to suspect the trespasser of an unlawful intent to either appropriate or do injury to the property, while in the second instance it is hard to conceive of any loss that the railroad might sustain by reason of the trespass. It is sufficient simply to show that in many instances in Louisiana licensees and even trespassers have been allowed to recover from railroads for injuries sustained through negligence of the railroad employees. See Sullivan v. Vicksburg, S. & P. R. Co., 39 La.Ann. 806, 2 So. 586; Ingram v. Kansas City, S. & G. Ry. Co., 134 La. 377, 64 So. 146, 50 L.R.A.,N.S., 688; Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445; Edwards v. Texas & P. Ry. Co., La.App., 185 So. 111; Shamburg v. Thompson, La.App., 186 So. 616.
In the Ingram case our Supreme Court quoted favorably from the Supreme Court of the United States in Sioux City & P. Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, as follows: "We conceive the rule to be this: That, while a railway company is not bound to the same degree of care in regard to mere strangers who are unlawfully upon its premises that it owes to passengers conveyed by it, it is not exempt from responsibility to such strangers for injuries arising from its negligence or from its tortious acts * * *. If from the evidence given it might be justly inferred by the jury that the defendant, in the construction, location, management, or condition of its machine, had omitted that care and attention to prevent the occurrence of accidents which prudent and careful men ordinarily bestow, the jury was at liberty to find for the plaintiff."
In 45 Corpus Juris 750, § 147, 65 C.J.S., Negligence, § 24 under the heading "Negligence", we find this statement of law: "Where trespassers on property are *509 habitual and known to the owner, so as to impose upon him the duty to anticipate the presence of trespassers, the owner is bound to use reasonable care to prevent injury to trespassers."
The Shamburg case, supra, was against the same defendant as here, and the facts were very similar to the present facts. The injured party was walking along the side of the railroad track and was struck by a wire dangling from the side of the train; and the defendant was held responsible for its negligence in allowing the wire to protrude. The important difference between the allegations in that case and in the present case is that in the Shamburg case plaintiff's allegations were more explicit and detailed and showed specifically by what reason the injured party was walking along the tracks; in other words, the allegations there showed that the deceased, to reach his destination, was traversing a well beaten pathway over the defendant's tracks.
In a supplemental brief plaintiff has stated that on the trial of this case evidence will be produced to show that the decedent and others habitually and constantly entered and left their place of work, to the knowledge of the defendant, by walking along the railroad tracks where decedent was struck, and that decedent's employer was a joint user of the spur track by which decedent was standing at the time of the accident. We feel, however, that with the allegations as they now stand such evidence would be inadmissible, for no such allegations have been made. But if those allegations were made we entertain no doubt but that defendant's exceptions would be without basis in view of the above authorities.
It is now well established that amendments to petitions should be allowed in order to protect substantive rights when the original petition failed to state a cause of action because of insufficient allegations. Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488; Douglas v. Haro, 214 La. 1099, 39 So.2d 744.
For the reasons assigned the judgment of the lower court is affirmed insofar as it maintained the exceptions filed by defendant, E. D. Higdon; in all other respects the judgment is reversed and set aside, and the case is remanded to the lower court in order that plaintiff might file such amended pleadings as may be appropriate. All costs to await the final outcome of the suit.