MOTION TO REMAND
REID, Judge.
This matter is before this Court on the motion of Terrebonne Bank and Trust Company, defendant and appellee to remand this matter to the 17th Judicial District Court for a hearing on the question of whether the issue is moot between plaintiff and said defendant and for the purpose of having the said appeal herein dismissed.
The record shows that plaintiff filed a suit against the Bank of Terrebonne and Trust Company et al. seeking to be declared the owner of one certain promissory note dated January 31, 1961, signed by Selwyn P. Gilmore, payable to his own order and by him endorsed in blank, due one month after date, in the principal sum of $7500.00, with six per cent per annum interest from date until paid, and secured by mortgage on certain property owned by said Gilmore which note is identified with an act of mortgage passed before Elward Wright, Notary Public.
The plaintiff further alleged that the note was entrusted for collection to Robley P. Guidry who acted as collecting agent for the said Farquard P. Guidry and that on or about April 1, 1965 the said Robley P. Guidry and his son Robley P. Guidry Jr., without any authority used said note and pledged it to the defendant Bank as security for a loan.
The plaintiff further alleged in his petition that the said Robley P. Guidry was an officer of the Bank of Terrebonne and Trust Company and was such at the time of the said illegal pledging of said note by Robley P. Guidry Jr., and that the Bank knew, or should have known that the said note was not owned by either of the *238 Guidrys but was the property of the plaintiff.
Defendant, Bank of Terrebonne and Trust Company filed an exception of no cause of action on the grounds that there was no allegation in the petition that Robley P. Guidry acted as agent or officer for the Bank in negotiation of the loan to Robley P. Guidry Jr., or that the Bank had actual knowledge that the note in question had a defect in the title of Robley P. Guidry Jr., and they had no knowledge of such facts which would amount to bad faith in the Bank taking the said note as collateral security.
This exception of no cause of action was sustained and plaintiff’s demand was dismissed as to the defendant, Bank of Terre-bonne and Trust Company. From this judgment the plaintiff has brought an appeal to this Court.
Defendant Terrebonne Bank and Trust Company then filed the motion to remand this matter as hereinabove set forth on the grounds that the issue was moot, alleging that the said Robley P. Guidry Jr., the pledgor of the note in question, had paid the balance due the Bank on his transaction and that the note was returned to him, and that no judgment could be rendered herein affecting the defendant, Bank of Terrebonne and Trust Company.
Ordinarily the motion to remand would be well taken, and we would remand this matter to the Lower Court for determination of whether the note had been paid by Robley Guidry Jr. and returned to him and that the matter was now moot. However, this matter is different from the ordinary one in that the plaintiff has alleged fraud on the part of the Bank under allegations 3 and 4 of plaintiff’s original petition, which allegations read as follows:
“3.
Petitioner shows that at said time and for several years previous thereto, the said Robley P. Guidry was an officer of the Bank of Terrebonne and Trust Company and was acting as an officer of said bank at the time Robley P. Guidry Jr., allegedly obtained the loan for himself and deposited the Gilmore note as collateral, and the said bank knew or should have known that said note was not owned by either Robley P. Guidry or Robley P. Guidry Jr., but was the property of Farquard P. Guidry.
4.
Petitioner shows that the knowledge of Robley P. Guidry, as and officer of said bank, as to the ownership of the Gilmore note by Farquard P. Guidry, was imputable to the Bank of Terrebonne and Trust Company and said bank was not in good faith and therefore never acquired legal possession of said note.”
We believe under this allegation that the question of the proper pledge to the Bank of the note and their right to return it where they were being sued for the ownership of the note would have to be finally determined before the Bank could lawfully return the note to the man who originally pledged it. Both of the Guidrys were made parties defendant with the Bank, but they are not parties to this motion to remand because it only affects the Terre-bonne Bank and Trust Company.
We, therefore, believe that the matter should remain in this Court for determination of the exception of no cause of action as to the Bank.
For these reasons the motion to remand is denied at the cost of the mover.
Motion to remand denied.
LOTTINGER, J., recused.