193 So.2d 543 (1966)
SUCCESSION of Farquard P. GUIDRY
v.
BANK OF TERREBONNE & TRUST CO. et al.
No. 6831.
Court of Appeal of Louisiana, First Circuit.
December 28, 1966.
*544 Morris A. Lottinger, Jr., Lee P. Lottinger, Jr., Elton A. Darsey, Houma, for appellant.
Frank W. Wurzlow, Jr., of Ellender, Wright & Wurzlow, Talbot, Cenac & Schwab, Houma, for appellee.
Before LANDRY, BAILES and ELLIS, JJ.
LANDRY, Judge.
This is an action for declaratory judgment by Ray A. Guidry, Administrator of the Succession of Farquard P. Guidry, deceased (Administrator), against the Bank of Terrebonne & Trust Co (Bank), Robley P. Guidry and Robley P. Guidry, Jr., seeking recognition of the estate of decedent as owner of a certain promissory note allegedly claimed by defendants. The trial court sustained the exception of no cause of action filed on behalf of the Bank and dismissed the Administrator's action as to said defendant. From said unfavorable decision Administrator has taken this appeal contending primarily that the trial court erred in declining and refusing appellant opportunity to amend his petition pursuant to the alleged liberal rules of procedure contained in LSA-C.C.P. Article 934. While we are in accord with the ruling of the trial court that appellant's petition states no cause of action against the Bank, we likewise agree with counsel for appellant that the trial court should have permitted appellant such occasion for amendment as is provided by law prior to dismissing appellant's action.
Administrator's petition, filed December 18, 1965, prays that a promissory note dated January 31, 1961, signed by Selwyn P. Gilmore (Gilmore note), payable to his own order and by him endorsed in blank, due one month after date, in the principal sum of $7,500.00, secured by a mortgage on certain real property described therein, be declared the property of decedent's succession.
For a cause of action against defendants, appellant's petition recites in substance the following: The Gilmore note was owned by decedent prior to his death and entrusted by decedent to Robley P. Guidry, as decedent's agent, for collection. On or about April 1, 1965, Robley P. Guidry and his son, Robley P. Guidry, Jr., without authority used the Gilmore note (which at that time had been reduced to a net worth of $2,430.71 by payments thereon) as collateral security on a note signed by Robley P. Guidry, Jr., on a loan to him by the Bank in the sum of $3,400.00. The Gilmore note was delivered to and held by the Bank as security for the loan to Robley P. Guidry, Jr. The proceeds of the note executed by Robley P. Guidry, Jr., were used personally by Robley P. Guidry and his son. At the time of the loan to Robley P. Guidry, Jr., the Senior Guidry was an officer of the Bank and, in such capacity, represented the Bank when his son obtained the loan of $3,400.00. The Bank knew or should have known the Gilmore note was not owned by either Robley P. Guidry, Senior or Junior, and the knowledge of the elder Guidry, as officer of the Bank, is imputable to appellee. Appellee was not in good faith and never acquired valid possession of the note. Finally it is asserted that the Bank now holds the note as collateral security and Robley P. Guidry and son claim ownership thereof.
Appellee's exception of no cause of action is based on the failure of appellant to allege that Robley P. Guidry, Sr., acted as officer of the Bank in the negotiations leading to the loan to Guidry, Jr. The Bank further contends the petition is deficient in that it neglected to aver the officer who arranged the loan in question had knowledge *545 of the defect in the title of Robley P. Guidry, Jr., to the Gilmore note or was aware of any other fact or circumstance that would characterize as an act in bad faith his acceptance of the Gilmore note as collateral for the note executed by the younger Guidry.
Pending the Administrator's appeal from the judgment of the lower court sustaining the Bank's exception of no cause of action and dismissing this action as to said respondent, the Bank filed a motion in this Court alleging the matter had become moot and praying that this cause be remanded to the trial court for the taking of further evidence. Said motion to remand in essence alleged that on January 20, 1966, subsequent to dismissal of appellant's action by the trial court, Robley P. Guidry, Jr., paid the balance due on his note for $3,400.00 held by the Bank whereupon the Bank returned the Gilmore note to the pledgor, Robley P. Guidry, Jr. Appellee further contended that since it no longer held the Gilmore note as collateral or claimed any right or interest therein or thereto, no judgment could be rendered herein against appellee. We denied appellee's motion to remand pending determination of this appeal. See Succession of Guidry v. Bank of Terrebonne and Trust Co. et al., La.App., 188 So.2d 237.
Counsel for appellant readily concedes the petition herein to be vague in that it fails to aver which officer acted on behalf of defendant bank in negotiating the loan to Robley P. Guidry, Jr. It is also admitted that the petition neglects to affirmatively allege that the officer representing the bank with regard to the Guidry loan possessed knowledge of Guidry's defective title to the Gilmore note. Though admitting the deficiencies noted, counsel nevertheless forcefully argues the trial court mistakenly denied appellant opportunity to amend the petition notwithstanding amendment could and would have cured the stated inadequacies which, at most, rendered the complaint subject to an exception of vagueness.
On the other hand, counsel for appellee Bank maintains that even though appellant be permitted to amend its petition to allege that Robley P. Guidry acted for the Bank in negotiating the loan between the Bank and Guidry, Jr., there would still be no cause of action alleged against appellee.
In his brief before this Court, counsel for appellant indicates that if afforded an opportunity to amend, appellant would aver that one Herc P. Daigneault was the officer who represented the Bank and the Bank was aware of his acting in such capacity.
Our review of plaintiff's petition discloses that in consequence it alleges the Bank acted in bad faith in accepting the Gilmore note as security for the Guidry loan. It seems obvious such averment was intended to refute the prima facia presumption that defendant Bank was a holder in due course of the Gilmore note. An allegation of fraud or bad faith, however, is merely a conclusion of law necessitating averment of clear and definite facts and circumstances which, if established by competent evidence, support the conclusion advanced. State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772.
That appellant's allegations concerning the alleged bad faith of appellee are vague, indefinite and uncertain is manifest from a reading of the petition herein. However, accepting the allegations as true, it does not appear that the petition is nevertheless fatally defective. In this connection we point out that it has not been shown, assuming the averments to be true, even so no dispute or issue exists between appellant and appellee with respect to ownership of the Gilmore note. It follows that plaintiff might quite conceivably have a cause of action against defendant Bank if given an opportunity to make the proper allegations.
Conceding the exception of no cause of action was properly sustained by the trial court, there nevertheless remains the issue whether the lower court properly dismissed plaintiff's action or rather was obliged to *546 permit time for amendment pursuant to the provisions of LSA-C.C.P. Article 934, which reads as follows:
"Art. 934. When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis ours)
We note that the official revision comment appended to Article 934, supra, states:
"Though it is contemplated that in most instances the maintaining of the peremptory exception will necessarily result in a judgment dismissing the action, this article authorizes the trial judge to permit amendment of the petition whenever possible and whenever dismissal of the suit would not be in the interests of justice. This rule is simply declaratory of the liberality of amendment characterizing the recent decisions of our appellate courts. See Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488 (1936); Reagor v. First Nat. Life Ins. Co., 212 La. 789, 33 So.2d 521 (1948); Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949); Bailey v. Simon, 199 So. 185 (La.App.1940); Arceneaux v. Louisiana Highway Commission, 5 So. 2d 20 (La.App.1941); Pancoast v. Co-operative Cab Co., 37 So.2d 452 (La. App.1948); Turner v. Maryland Casualty Co., 44 So.2d 374 (La.App.1950); Doyle v. Thompson, 50 So.2d 505 (La. App.1951)."
Counsel for appellee maintains the hereinabove quoted revision comment to Article 934, supra, makes quite clear the conclusion that said codal authority vests the trial courts with discretion in permitting amendment of plaintiff's petition when the grounds of a peremptory exception filed in opposition thereto may be removed by revision of the allegations on which the suit is founded. In support of his position counsel for appellee cites Tripod Boats, Inc. v. George Engine Co., La.App., 170 So.2d 238, wherein the trial court sustained an exception of prescription (a peremptory exception) and dismissed plaintiff's action. We note that in the Tripod Boats case, supra, after argument and submission of the exception of prescription (and other peremptory exceptions) plaintiff amended its petition following which judgment was rendered by the trial court sustaining the exception of prescription and dismissing plaintiff's suit. It was from this judgment plaintiff appealed. On appeal, plaintiff contended, inter alia, the trial court erred in dismissing its suit on the exception of prescription.
In affirming the action of the trial court in dismissing plaintiff's action, our brothers of the Fourth Circuit in the Tripod Boats case, supra, held and we think correctly so, that the import of Article 934, supra, and the revision comment appearing thereunder, compels the trial court to permit revision or amendment only in those cases wherein the grounds of the objection may be removed by amendment. Such we believe to be the clear intent of the article considering it is couched in what appears to be mandatory terms. We note that the article states "When the grounds of * * * the peremptory exception may be removed by amendment * * * the judgment sustaining the exception SHALL order such amendment within the delay allowed by the court." (Emphasis added.)
If, as found in the Tripod Boats case, supra, an action has in fact prescribed, the cause of action is irretrievably lost and no amendment of the grounds on which it is based can give it new life or vitality. Such a defect is incurable, consequently nothing is to be gained by permitting amendment to allegations upon which the cause of action is founded. In such event even though a perfect cause of action is alleged, it avails plaintiff nothing. We see no point in permitting amendment of a petition to include, for example, an omitted allegation of negligence *547 in a damage suit where the allegations of the petition show the cause of action has prescribed. We are in accord with the decision in the cited case but find it inapposite to the present cause.
Nor do we find Little v. Caterpillar Tractor Co., La.App., 169 So.2d 654, decisive of the case at hand as contended by counsel for appellee. In the Little case, supra, this court affirmed the decision of the trial court sustaining an exception of no cause of action and dismissing plaintiff's suit. Little v. Caterpillar Tractor Co., supra, is likewise easily distinguishable from the instant matter in that the cited authority did not involve the right of amendment upon sustaining of an exception of no cause of action. On the contrary, plaintiff in the Little case, supra, not only did not pray for amendment but adamantly insisted no amendment was necessary and refused to amend on the ground that the petition stated a cause of action as initially filed. Under such circumstances granting an opportunity to amend would have accomplished nothing considering plaintiff in the Little case, supra, steadfastly declined to consider revision of his complaint in the belief that it sufficed to state a cause of action as originally worded.
Prior to the adoption of LSA-C.C.P. Article 934, the most recent jurisprudence obtaining in this state on the subject of amendment of petitions appears to have been stated in the following language which we quote with approval from Reynolds Metal Co. v. T. L. James & Co., Inc., La. App., 69 So.2d 630:
"The exceptions of vagueness and no cause of action address themselves to the insufficiency of the allegations of the petition. Plaintiff merely avers that the piece of wire was left on the airfield in the grass and hidden from view by the defendant, T. L. James & Company, Inc., which was at that time doing construction work at the airport. It is not alleged that the agents or servants of T. L. James & Company, Inc., were in anywise negligent in permitting the wire to remain in said position, or that the Aviation Board of the City of New Orleans or the City of New Orleans, which operate the airport, were negligent in any particular.
The exception of no cause of action was maintained by the trial judge under authority of Lynch v. American Brewing Co., 127 La. 848, 54 So. 123; Morris v. Great Southern Lumber Co., 132 La. 306, 61 So. 383; and Mills v. St. Tammany & New Orleans Ry. & Ferry Co., 139 La. 285, 71 So. 511. These three cases decided between 1911 and 1916 hold that where a plaintiff fails to allege his right to be in the place where the injury occurred or any other fact that would make it the duty of the defendant to look out for his safety, his petition does not set forth a cause of action for damages, and the rules of pleading cannot be relaxed to the extent of allowing the plaintiff to cure the omission from the petition of such essential allegations.
For eighty-five years appellate courts in Louisiana had vacillated as to whether a petition which fails to state a cause of action due to an insufficiency of allegations may be amended after issue is joined. The three cases relied upon by exceptors were decided during that period in our jurisprudence when such amendments were not countenanced.
However, the tendency of modern practice is to yield as little as possible to technicalities and to be liberal in upholding substantive rights instead of subtle technicalities, and to allow amendments to petitions that fail to state a cause of action due to insufficient allegations. Slattery Co. v. F. W. Woolworth Co., 214 La. 876, 39 So.2d 161; Douglas v. Haro, 214 La. 1099, 39 So.2d 744; Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678; Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771. An exception of no cause of action based on an insufficiency of allegations in the petition only amounts *548 to an exception of vagueness, and although it is meritorious and is sustained, the plaintiff will be entitled to amend the petition to supply the want of allegations of fact. Reagor v. First Nat. Life Ins. Co., 212 La. 789, 33 So.2d 521; Continental Ins. Co. v. Medonia, 205 La. 828, 18 So.2d 310; Brunson v. Mutual Life Ins. Co. of New York, 189 La. 743, 180 So. 506; Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488; McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 632; Lejeune v. Lejeune, 184 La. 837, 167 So. 747; Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587. Such amendment should be allowed even though it is made after the period of prescription has accrued. If the main demand is timely made, that demand is the test and not the sufficiency of the allegations which support it. Reeves v. Globe Indemnity Company of New York, supra; Arceneaux v. Louisiana Highway Commission, La.App., 5 So.2d 20."
The provisions of LSA-C.C.P. Article 934 are unquestionably a codification of the prior jurisprudence and indeed extend the rule of the Reynolds case, supra, by mandatorily requiring that the trial court afford opportunity to amend when revision can cure or remove the grounds upon which the peremptory exception is founded. The applicable statute is couched in clear and unmistakable verbiage to the effect that the trial court shall allow amendment within a reasonable delay under such circumstances. We hold, therefore, that where the ground of the peremptory exception may be removed by amendment, no discretion is vested in the trial court to grant or deny time for amendment. In such instances the trial court must afford time for amendment. Such is the case in the matter at hand.
As previously mentioned, pending this appeal the dismissed litigant, Bank of Terrebonne, filed in this court a motion to remand this cause to the trial court on the ground the Gilmore note had been returned by it to Robley P. Guidry upon payment of Guidry's note to the Bank. Said appellee further alleged that its return of the Gilmore note to Guidry considered, the issue of its reputed ownership of the Gilmore note was thereby rendered moot.
We are of the opinion that if, as appellee contends, the Gilmore note has in fact been returned to Robley P. Guidry, the issue of ownership of the Gilmore note as between appellant and appellee has indeed ceased to exist. It is worthy of note in this regard that appellant sought judgment merely declaring decedent's estate owner of the Gilmore note. While conclusions insinuating fraud and misrepresentation are also contained in the petition, appellant neither alleged nor prayed for damages as a result of any action on the part of appellee. Since appellant is only claiming ownership of the Gilmore note, if the evidence upon remand reflects return of said instrument to Robley P. Guidry and that appellee is no longer claiming any right or interest therein, there would indeed no longer be any controversy between appellant and appellee herein. The issue, however, cannot be passed upon until the evidence has been introduced in the record
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court sustaining appellee's exception of no cause of action is affirmed. It is further ordered that the trial court permit appellant a delay of 15 days in which to amend its petition, said respite to commence upon the finality of this decree; thereafter this matter is to proceed in accordance with law and the views herein expressed. Costs of this appeal shall be borne equally by appellant and appellee, all other costs to await further action of the trial court.
Amended and remanded.