# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2012

No. 11-30747
Summary Calendar

Lyle W. Cayce
Clerk

EUGENE ANDERSON, individually and as natural father of his minor child, J.A.; SHANNON ANDERSON,

Plaintiffs–Appellants

v.

ILLINOIS CENTRAL RAILROAD COMPANY,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-153

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eugene Anderson, individually and on behalf of his minor son J.A., and Shannon Anderson appeal the district court's order granting summary judgment to Illinois Central Railroad Company ("IC") in this personal injury action. The Andersons allege that their son was playing on railroad tracks in IC's classification and switching yard ("Mays Yard") when he was startled by a train,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

slipped, fell, and caught his foot between the tracks and one of the train's wheels, which rolled over his foot, causing injury. The district court granted IC's motion for summary judgment after determining that IC did not owe J.A. a duty. The Andersons appeal the grant of summary judgment, and we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 2009, ten-year-old J.A. and two of his friends were looking for shiny rocks along train tracks located on IC's right-of-way into Mays Yard. The boys had accessed the right-of-way by climbing through a hole in a chain link fence and walking atop a concrete wall lining a drainage canal. Around 5:00 p.m., after looking for rocks for about forty-five minutes, J.A. was next to a stationary train in the right-of-way when he was startled by a loud "kaboom" noise coming from the train. He tried to jump away from the now-moving train but slipped and fell. J.A.'s right foot landed on the rail and was rolled over by one of the train car's wheels, causing injuries that ultimately required the amputation of his fourth and fifth toes and the outside of his foot. J.A. admitted in a deposition that he knew the train tracks were a dangerous place to play, and that if he had told his parents where he was going, they would have stopped him.

The train that injured J.A. was IC train R98971-26. The train had stopped for about a minute at the yard crossing to allow a member of its crew to hop down from the locomotive to line the train onto the #6 track in Mays Yard. The train then began moving again—at which point J.A. was injured—and proceeded into Mays Yard on track #6. Once the train was entirely within Mays Yard, the train's crew went into the yard office to complete paperwork. It was not until this point that the crew learned that there were children near the tracks and that an injury had occurred.

The Andersons brought suit in the United States District Court for the Eastern District of Louisiana, invoking diversity jurisdiction under 28 U.S.C. § 1332; the Andersons are Louisiana residents and IC's principal place of

No. 11-30747

business is in Illinois. After the close of discovery, IC moved for summary judgment. The district court determined that IC did not owe J.A. a duty and dismissed the case. Relying on *Doyle v. Thompson*, 50 So. 2d 505 (La. Ct. App. 1951), the court reasoned that a railroad company generally owes no duty under Louisiana law to someone "on a railroad without license, invitation, or other right, except after discovering his peril, the railroad must refrain from willfully or wantonly injuring a trespasser." Because the evidence was undisputed that the train's crew did not know of the boys until after they were told of J.A.'s injury in the yard office, the court held that the general rule applied.[1] The Andersons timely appealed.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

When sitting in diversity, we apply the substantive law of the forum state, in this case Louisiana. *Holt v. State Farm Fire and Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). "To determine Louisiana law, we look to the final decisions of Louisiana's highest court. In the absence of a final decision by that court addressing the issue at hand," we determine in our best judgment how it would resolve the issue if presented with it. *Id.* "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Barker v. Halliburton Co.*, 645 F.3d 297, 299 (5th Cir. 2011) (internal quotation marks omitted).

---

[1] The district court also found that the Andersons had failed to establish a causal link between the train crew's failure to sound a horn before moving the train—as required by IC's Operating Rules—and J.A.'s injury. The Anderson's raise this issue on appeal, but we do not reach it because we agree that IC did not owe J.A. a duty.

No. 11-30747

## III.  DISCUSSION

The Andersons argue that the district court erred by impermissibly relying on J.A.'s admission that he knew the tracks were a dangerous place to play in finding that IC did not owe J.A. a duty.[2]  IC argues in response that the district court did not rely on J.A.'s admission, but instead relied on Louisiana's longstanding rule that a railroad owes no duty to pedestrians upon its tracks unless the railroad has knowledge of the pedestrians' presence.

Under the duty-risk analysis adopted by Louisiana courts to determine whether tort liability exists, a plaintiff must prove the following five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.  *Christy v. McCalla*, ___ So. 3d ___, No. 2011-C-0366, 2011 WL 6034518 (La. Dec. 6, 2011).  Resolution of the first element—whether a duty exists—is a question of law for the court.  *Walker v. La. Dep't of Transp. & Dev.*, 61 So. 3d 699, 705 (La. Ct. App. 2011).

Louisiana courts have long stated that "[t]he very presence of a railroad track is a solemn warning."  *Perry v. Louisiana & A. Ry. Co.*, 142 So. 736, 741 (La. Ct. App. 1932).  "Except for those areas designated for the public to cross the railway, a pedestrian has no right to be on the right-of-way, which is essentially private property."  *Clayton v. Illinois Cent. R. Co.*, 865 So. 2d 896, 901 (La. Ct. App. 2004) (internal quotation marks omitted).  Because the tracks themselves

---

[2] The Andersons also argue that the district court erred by relying on cases prior to the Louisiana Supreme Court's decision in *Cates v. Beauregard Elec. Coop., Inc.*, which embraced the California Supreme Court's rejection of the common law classifications of trespasser, licensee, and invitee with respect to landowner tort liability.  328 So. 2d 367, 371 (La. 1976). The cases cited by the district court, however, do not rely upon the common law classifications; we therefore find no merit to the Andersons' argument.

No. 11-30747

warn of the obvious danger of trains moving upon them, and because pedestrians have no right to be on the tracks, the engineer of a train only has a duty to those pedestrians he has actually seen on the tracks. *Doyle v. Thompson*, 50 So. 2d 505, 508 (La. Ct. App. 1951); *cf. Clayton*, 865 So. 2d at 902 ("[A]n engineer, *when sighting a person or a vehicle on the track*, can presume that he or it will move from the position of danger upon the sounding of the train's bell or the blowing of its whistle or horn; and, that it is only when the engineer realizes that the warnings are not going to be heeded that he should make an effort to stop the train." (emphasis added) (internal quotation marks omitted)).  It is undisputed that the train operators did not know that J.A. or his friends were on the tracks; therefore, the district court correctly held that IC owed no duty to J.A.[3]

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's order granting summary judgment to IC.

AFFIRMED

---

[3] The Andersons argue that IC had a duty to: (1) erect fencing along its right of way; (2) post warning signs along the right of way; and (3) to have sounded the lead locomotive's horn following the brief stop at the rail yard.  Because we hold that IC had no duty to warn the public of the obvious danger posed by a train briefly at rest on tracks, the addition of either fencing, signs, or audible warnings is unnecessary.