### ARAN ZOULALIAN *vs.* NEW ENGLAND SANATORIUM AND BENEVOLENT ASSOCIATION.

Middlesex.     March 15, 18, 1918. — May 22, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Charity. Workmen's Compensation Act. Negligence,* Employer's liability.

A corporation, incorporated "for the purpose of founding a hospital or charitable asylum . . . for the care and relief of indigent or other sick or infirm persons . . . and in no manner directly or indirectly for private profit or dividend paying, to any one," is a valid public charity.

The provisions of the workmen's compensation act do not apply to a corporation organized for and carrying on a public charity.

In an action for personal injuries by an employee against a corporation organized for and engaged in a work which is a public charity, and which is not a subscriber under the workmen's compensation act, where it appears that the plaintiff was injured upon a buzz planer negligently permitted by the defendant to be operated without a guard, if it also appears that the risk of injury to the plaintiff from that cause was an obvious one which could be seen by reasonable obser-

vation on his part, he is precluded from recovery either under the employers' liability act or at common law.

The question, *whether* the character of the defendant and of its work would have prevented it from being held liable in any event for its negligence or the negligence of its servants or agents, was not considered.

Tort for personal injuries received by the plaintiff while in the employ of the defendant and at work upon a planer in a carpenter shop which was a part of its plant, the declaration containing three counts, it being alleged in the first count that the injury to the plaintiff was caused by negligence of the defendant in permitting a buzz planer upon which the plaintiff was set to work to become defective and dangerous and the floor about it to be unsafe and dangerous, in the second count that the injury was caused by negligence of a fellow servant of the plaintiff, and in the third count that the injury was caused by negligence of the defendant in setting the plaintiff at work upon a dangerous machine without sufficient instruction and warning. Writ dated August 9, 1915.

The action was tried before *Hitchcock*, J.

It appeared that the purposes for which the defendant was incorporated, as stated in its charter, were "for the purpose of founding a hospital or charitable asylum within the State of Massachusetts, for the care and relief of indigent or other sick or infirm persons, at which institution may be received also patients and patrons who are able to and do pay for the benefits there received, and which institution shall devote the funds and property acquired and received by it from time to time from all sources, exclusively to maintaining itself, improving its condition and facilities, extending its benefits and usefulness, and facilitating and promoting its purposes, by such sanitary, dietetic, hygienic, and philanthropic reforms and efforts as are germane or auxiliary thereto; all of its said purposes being undenominational, unsectarian, philanthropic, humanitarian, charitable and benevolent, and in no manner directly or indirectly for private profit or dividend paying, to any one."

The defendant was not a subscriber under the provisions of the workmen's compensation act. The material evidence is described in the opinion.

At the close of the evidence the plaintiff asked the judge to rule as follows: "If the large part of the beds or rooms used for

patients by the defendant corporation are intended to be let for adequate return the jury might find that the defendant was not a public charitable corporation." The ruling was refused.

The judge submitted special questions to the jury, which, with the jury's answers, were as follows:

"1. Was the defendant negligent in setting the plaintiff at work on a dangerous machine without giving him suitable warnings and instructions?" The jury answered, "Yes."

"2. Was there a guard furnished with the planer which the plaintiff was operating at the time of his injury, and attached thereto, so that the plaintiff could have used it if he so desired?" The jury answered, "No."

"3. Was the buzz planer upon which the plaintiff was working a dangerous machine to operate without a guard to prevent the hand of the plaintiff from coming in contact with the knives?" The jury answered, "Yes."

"4. Was the danger in operating a buzz planer without a guard an obvious danger, that could be seen by reasonable observation on the part of the plaintiff?" The jury answered, "Yes."

"5. Did the general manager, treasurer and director of the defendant corporation know that the buzz planer was being used without a guard, and did he intend or direct that it should be used by the plaintiff without a guard?" The jury answered, "Yes."

"6. Did Alexandian [the fellow servant of the plaintiff referred to in the second count of the declaration] have hold of the board which the plaintiff was planing, and was he negligent in reference thereto, so as to cause the injury to the plaintiff?" The jury answered, "Yes."

"7. What damage should be awarded to the plaintiff, if he is entitled to recover?" The jury answered, "$2,500."

The judge thereupon ordered a verdict for the defendant on the ground that it was a public charity and therefore "not liable for the negligence of its servants or agents in matters of this kind." The plaintiff alleged exceptions.

*G. P. Beckford,* for the plaintiff.

*O. Storer,* for the defendant.

CROSBY, J. This is an action for personal injuries received by the plaintiff while in the employ of the defendant and at work on a buzz planer.

The defendant is a corporation organized "for the purpose of founding a hospital or charitable asylum . . . for the care and relief of indigent or other sick or infirm persons . . . and in no manner directly or indirectly for private profit or dividend paying, to any one." It is plain that the objects of the corporation being benevolent and charitable, it must be held to be a valid public charity. *Conklin* v. *John Howard Industrial Home*, 224 Mass. 222. *Thornton* v. *Franklin Square House*, 200 Mass. 465. *Farrigan* v. *Pevear*, 193 Mass. 147, and cases cited. In *New England Sanitarium* v. *Stoneham*, 205 Mass. 335, it was held that the defendant in the case at bar was a charitable corporation and as such was exempt from taxation under R. L. c. 12, § 5, cl. 3.

It is the contention of the plaintiff that the defendant is within the provisions of the workmen's compensation act (St. 1911, c. 751, and acts in amendment thereof); but we are unable to agree with this contention. While it is provided by § 2 of Part I, that "The provisions of section one shall not apply to actions to recover damages for personal injuries sustained by domestic servants and farm laborers," it does not follow that all other employees who may be injured in the course of their employment are within the terms of the act. Undoubtedly the rules of law declared by this court relating to persons injured while in the employ of charitable institutions may be changed by the Legislature, still that such change was made by the workmen's compensation act is not to be inferred in the absence of a plain intention on the part of the Legislature to that effect.

It has often been held that certain persons or classes of persons are excepted by implication out of a statute expressed in general words, the rule being that where the words of a law in their common and ordinary significance are sufficient to include such persons or classes of persons "'the virtual exception must be drawn from the intention of the Legislature, manifested by other parts of the law; from the general purpose and design of the law; and from the subject matter of it.'" *Bradford* v. *French,* 110 Mass. 365, 367. *McCall* v. *Parker*, 13 Met. 372, 381.

It never has been held in this Commonwealth that a charitable institution was liable for negligence; on the other hand, it has been expressly held that such institutions are not liable for the

negligence of their servants or agents. *McDonald* v. *Massachusetts General Hospital,* 120 Mass. 432. *Farrigan* v. *Pevear, supra,* and cases cited.

In *Commonwealth* v. *Rumford Chemical Works,* 16 Gray, 231, at page 232, this court said: "But it is never to be presumed that the Legislature intended to make any innovations upon the common law further than is absolutely required upon a just interpretation of the provisions of its positive enactments. And this, it is said by Chancellor Kent, has been the language of the courts in every age. 1 Kent Com. (6th ed.) 464. In the decisions of our own, it has often been recognized as an established rule that a statute is not to be construed as a repeal of the common law unless the intent to alter it is clearly expressed."

For many years before the enactment of St. 1911, c. 751, this court in numerous decisions had uniformly held that a charitable institution was not liable for personal injuries due to the negligence of its servants or agents; and it is to be assumed that the Legislature had the existing law in mind when the statute was passed. We are of opinion that, considering the statute as a whole, together with its manifest purpose and the objects sought to be accomplished by it, it was not intended thereby to change the law as it previously stood and include employees of charitable institutions. *Hyde* v. *Gannett,* 175 Mass. 177. The cases cited by the plaintiff were decided under the English workmen's compensation act and cannot affect the question whether St. 1911, c. 751, applies to a valid public charity.

The presiding judge submitted to the jury certain questions to be answered by them, the fourth of which was as follows: "Was the danger in operating a buzz planer without a guard an obvious danger, that could be seen by reasonable observation on the part of the plaintiff?" The answer was in the affirmative. This finding makes it plain that the plaintiff is precluded from recovery, either under the employers' liability act or at common law, apart from the fact that the defendant is a charitable corporation. As the jury have found that the danger of operating the planer without a guard was obvious and could be seen by reasonable observation on the part of the plaintiff, he must be held to have assumed the risk, even though he was unable to speak or understand the English language and was inexperienced. It is clear that any in-

structions or warning of the danger would not have informed him of anything which was not plainly to be seen; and he was a carpenter, and there is nothing in the record to show that he was not a man of average intelligence. *Chmiel* v. *Thorndike Co.* 182 Mass. 112. *Sullivan* v. *Simplex Electrical Co.* 178 Mass. 35. *Robinska* v. *Lyman Mills,* 174 Mass. 432. *Stuart* v. *West End Street Railway,* 163 Mass. 391.

Although the plaintiff is not entitled to recover for the reasons previously stated, we do not mean to intimate that the defendant could be held liable for its negligence, or for the negligence of its servants or agents, — these questions need not be considered in view of the conclusions reached.

*Exceptions overruled.*