In the Matter of the Claim of THOMAS HALL, Respondent, against THE SALVATION ARMY, Appellant, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued January 10, 1933; decided February 28, 1933.)

*Francis Smyth* and *J. Delafield DuBois* for appellant. The claimant was not employed within the meaning of the Workmen's Compensation Law. (*Brooklyn Children's Aid Society* v. *Industrial Board,* 136 Misc. Rep. 379; 231 App. Div. 845; 256 N. Y. 651; *Burns* v. *Manchester Mission,* 99 L. T. 579; *Matter of Bernstein* v. *Beth Israel Hospital,* 236 N. Y. 268.) The Salvation Army and claimant did not enter into a contract of hire. (*Ferro* v. *Sinsheimer Estate, Inc.,* 256 N. Y. 398; Opinions of Attorney-General (1928), pp. 224, 225; *Burns* v. *Manchester Mission,* 99 L. T. 579; *Matter of Nilsen* v. *Trustees of Sailors Snug Harbor,* 230 App. Div. 797; *Rugg* v. *Norwich Hospital,* 205 App. Div. 174; *Dillon* v. *Trustees of St. Patrick's Cathedral,* 234 N. Y. 225; *Loveland* v. *Parish of St. Thomas' Church,* 1 Conn. W. C. Com. Dig. 14.)

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum, Joseph A. McLaughlin* and *Hector A. Robichon* of counsel), for State Industrial Board, respondent. The Industrial Board properly held the appellant liable as an employer of the claimant under the Workmen's Compensation Law. (*Matter of Nilsen* v. *Trustees of Sailors Snug Harbor,* 230 App. Div. 797.)

HUBBS, J. Claimant has been awarded compensation on account of injuries received while working in the " industrial home " maintained by the Salvation Army at 535 West Forty-eighth street, New York city.

We agree with the Appellate Division that workmen employed in carrying on work in the " home " come within the provisions of the Workmen's Compensation Law and are covered by it provided they are employed " under any contract of hire, express or implied, oral or written," unless they fall within excepted classes not material here. (Workmen's Compensation Law; Cons. Laws, ch. 67, § 3, group 18, as amd. by Laws of 1928, ch. 755; Laws of 1929, chs. 304 and 702.)

The question here for determination is whether the claimant was at the time of the injury employed under a contract of hire, expressed or implied. The Industrial Board has found as a fact that he was and that decision has been affirmed by the Appellate Division. If the record contains evidence upon which that finding was based, we are bound by it. (Workmen's Compensation Law, § 20; *Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59.)

We are satisfied that there is evidence in the record which sustains such finding.

Claimant, who had been a cook, came to the " home " as a charity inmate. He testified that after he had been there a few days he was put to work serving meals and served three meals a day. He was told that he would be put on the payroll and would receive his board, room and three dollars a week.

The work which he did was of the same nature as the work which he performed before he came to the " home " and was necessary to the carrying on of the activities of the " home."

It is clear that claimant was under the control and direction of appellant, doing its regular work for its benefit and could be discharged by it. The relationship which existed was, therefore, that of employer and employee.

It is earnestly urged by appellant that the statute should not be held to cover inmates of the " home " who are taken in as a matter of charity, furnished with board and lodging, and sometimes given clothing and small sums of money, even though such persons are required to perform slight manual services for the purpose of maintaining their health and building up their morale.

We do not intend this decision to cover such cases. We are merely deciding that the findings of the " Board " in the case at bar are sustained by some evidence.

It may well be that inmates of the " home " who are taken in as a matter of charity, and permitted to remain upon condition that they perform some labor in and about

the " home " are not retained therein " under any contract of hire, express or implied." (*Ferro* v. *Sinsheimer Estate, Inc.*, 256 N. Y. 398.)

The order should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Order affirmed.