## UNSER v. BAPTIST RESCUE MISSION et al.

### Nos. 14653, 14918.

Court of Appeal of Louisiana. Orleans.
Oct. 29, 1934.

Hubert M. Ansley, of New Orleans, for appellant.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for appellees.

### PER CURIAM.

For some unaccountable reason appellant took two appeals from the judgment now under review. One he lodged in the Supreme Court and the other in this court. The appeal which was taken to the Supreme Court was transferred to this court and has now been consolidated with the appeal taken directly to this court. The matter involves a suit for damages ex delicto.

In the District Court there was judgment sustaining the exception of no cause of action and dismissing the suit.

The exception is directed at the fact that defendant is a charitable institution, and in the court below the argument prevailed that a charitable institution or organization should not be held liable for the acts of its servants or employees.

In Bougon v. Volunteers of America (La. App.) 151 So. 797, we considered a contention identical with that which now confronts us. There we held that there is a distinction between a tort committed by a servant of a charitable organization resulting in damage to a recipient or beneficiary of the charity and a similar tort resulting in damage to a third party, and we concluded that, whatever may be the correct rule where the injured party is a recipient or beneficiary of the charity, there can be no doubt of the right of a third party to maintain an action ex delicto for damage sustained.

On the exception which is now before us only that question is presented.

For the reasons, therefore, which appear in Bougon v. Volunteers of America (La. App.) 151 So. 797, it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, that the exception of no cause of action be and it is overruled, and that this matter be remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.