In the Matter of the Claim of EMMA SEYMOUR, Respondent, against ODD FELLOWS' HOME et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued April 17, 1935; decided May 21, 1935.)

*Noel S. Symons* and *Gustave H. Unfug* for appellants.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for State Industrial Board, respondent.

FINCH, J. The widow of Ernest Seymour has been awarded compensation on account of his death while

being maintained in the Odd Fellows' Home. The award of the Industrial Board has been unanimously affirmed by the Appellate Division.

While Seymour was doing some carpentry work on the premises of the Odd Fellows' Home he slipped from a ladder and received injuries from which he died shortly thereafter. Before the Industrial Board, the defendant urged that death did not result from accidental injury and did not occur in the course of employment. The sole ground urged on this appeal is that decedent was an inmate and not an employee, that there was no contract of hire between this inmate and the home, as the term " hiring " is commonly understood, and that, in any event, the Industrial Board erred in including the appraised value of the board and maintenance of the deceased as an element in fixing the wage rate. It appears that the inmates of the home are granted the privilege of doing odd jobs for which they are given sums ranging from ten to twenty cents an hour. No regular hours of work are required and the inmates, if they wish, need not work at all. The deceased elected to do some carpentry and other work. For this he received twenty cents an hour, which in the period from July, 1931, to January, 1932, amounted to $120.

It is clear that the board and maintenance of the decedent should not have been included as an element in fixing the wage rate. Board and maintenance were not given by the home nor received by the inmate as compensation for services rendered. Seymour, as an inmate of the home, was given board and maintenance whether he worked or not, and there is no evidence whatsoever in the record tending to show that he received it as recompense for any work therein performed. In any event, therefore, the wage rate must be reduced by the amount of $30 a month which the Industrial Board awarded and added to the wage rate as the value of board and maintenance.

Furthermore, no contract of employment between the Odd Fellows' Home and this inmate can be found upon this record. In *Matter of Hall* v. *Salvation Army* (261 N. Y. 110) we called attention to the distinction between an inmate of a home, such as a cook in that case, who was employed to prepare three meals a day, and an inmate of a home who is admitted as a matter of charity and permitted to remain on condition that he will perform some labor in and about the home but is not employed therein to render work " under any contract of hire, express or implied." (*Ferro* v. *Sinsheimer Estate, Inc.*, 256 N. Y. 398.)

It is to be noted that this decedent not only did not work any regular hours but was under no duty to work at all, if he did not so desire. Nor was decedent upon any payroll; nor was there any agreement as to how frequently he would work; nor was there any exercise of control over him by the home. If and when he worked, as he pleased, he received a gratuity of twenty cents an hour, but there is no evidence that this was given other than as pin money. When a man enters a home he is not seeking a new field of employment. The fact that the institution provides him with a method of whiling away his time and bestows upon him gratuities wherewith to make small purchases for his individual indulgence, by way of a daily newspaper, tobacco or the like, does not mean that he has become its employee. A small gratuity for such occasional work does not constitute a wage base.

It is urged that the carrier waived before the Industrial Board the defense which it now urges. This record, however, is barren of any evidence legally preventing the carrier from asserting its defense on the merits.

It follows that the order of the Appellate Division and the award of the State Industrial Board should be reversed, and the claim dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.