McCALEB, Justice.
 

 This is a suit for workmen’s cdmpensation. Plaintiff alleges that, on April 10th 1944, while engaged in the performance of his duties as an insurance solicitor and collector for defendant, he fell and injured himself and that, as a result, he is totally and permanently disabled from performing work of a reasonable character. He further alleges that defendant is engaged in the industrial life insurance business' in which it employs a large number of persons as solicitors and collectors; that the business is hazardous within the meaning of Section 1 of the Employers’ Liability Act, Act 20 of 1914, as amended, because some of its solicitors and collectors use automobiles and street cars in performance of their work and that such employees are required, by the nature of their work, to go upon the streets, roads and' highways of cities and towns far the purpose of soliciting insurance prospects or for collecting premiums on policies of insurance already in force,, thereby being subjected to the hazards and risks of motor and vehicular traffic.
 

 Defendant excepted to plaintiff’s petition on the ground that the injury complained of is not compensable inasmuch as the facts alleged do not authorize the conclusion that defendant is engaged in a hazardous business. The exception was sustained by the District Judge and the suit was dismissed. On application for a rehearing, plaintiff suggested, among other things, that he should be given an opportunity to supplement his petition by alleging additional facts but his request was refused. The Court of Appeal affirmed the judgment. On application for a rehearing, plaintiff directed the court’s attention to the fact that he had requested the lower court to permit him to amend his petition so as to cure the insufficiencies in his allegations of fact. Despite this, the Court of Appeal refused reconsideration of the matter. Thereafter, plaintiff applied here for a writ of review. The writ was granted and the matter is now before us for determination.
 

 The allegations of plaintiff’s petition are insufficient to exhibit that defendant is engaged in a hazardous business. However, we think that the District Judge and Court of Appeal erred in not permitting plaintiff to supplement his pleadings by stating (if he can) facts to show that de
 
 *398
 
 fendant is engaged, in whole or in part, in a hazardous business and that, in his employment, he is sometimes subjected to the dangers thereof.
 

 The insurance business is not one of the occupations designated as hazardous under Section 1 of Act 20 of 1914. However, this does not mean that defendant is not amenable to the provisions of the Act if, as plaintiff claims, the business entails the operation of automobiles as a necessary incident thereto. Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380
 
 [1]
 
 ; provided, of course, that plaintiff is sometimes brought into contact with the hazardous features. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303. Obviously, the mere allegation that some of the solicitors employed by defendant use automobiles in performing their work falls far short of a showing that the operation of automobiles is a necessary incident to defendant’s business and that plaintiff was required by his employment to ride in, or be otherwise brought in contact with, the machines.
 

 On the other hand, the mere failure of plaintiff to • allege a cause of action does not authorize the absolute dismissal of his case. Under the well-established modern jurisprudence, he should have been given the opportunity to supply, if possible, the needed allegations by amendment. See Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488; also Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715, where the case was remanded to allow amendment where defect was due to insufficiency of allegation. To the same effect are Beneficial Loan Soc. of New Orleans v. Strauss, La.App., Orleans, 148 So. 85; Messina v. Societe Francaise De Bienfaissance, La. App., Orleans, 170 So. 801; Arceneaux v. Louisiana Highway Commission, La.App., Orleans, 5 So.2d 20 and Simoneaux v. Gonzales, La.App., First Circuit, 4 So.2d 35.
 

 Moreover, the .Employers’ Liability Act enjoins the courts against the dismissal of claims for technicalities of procedure ; it envisions that a liberal aspect be taken of pleadings and the allowance of any amendment which will aid in the ascertainment of the truth. See Section 18 of Act 20 of 1914, as amended.
 

 For the reasons assigned, the judgment of the Court of Appeal, affirming the judgment of the District Court, which dismissed plaintiff’s suit on the exception, is amended 'by reserving to the plaintiff the right to supplement his pleadings and it is now ordered that the cause be remanded to the First Judicial District Court for the Parish of Caddo for further proceedings, in accordance with law and not inconsistent with the views herein expressed. The costs in
 
 *399
 
 curred in this court and in the Court of Appeal shall be paid by defendant-appellee. Other costs are to await final determination of the matter.
 

 HAMITER, J., concurs in the decree.
 

 BOND, J., dissents and assigns written reasons.
 

 [1]
 

 For an able and comprehensive review and discussion of the jurisprudence on this subject, see opinion by JANVIER, J., in Franz v. Sun Indemnity Co. of New York, La.App., 7 So.2d 636.