88 So.2d 381 (1956)
230 La. 310
Reverend Samuel David MEYERS
v.
SOUTHWEST REGION CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS et al.
No. 42453.
Supreme Court of Louisiana.
May 7, 1956.
Rehearing Denied June 11, 1956.
*382 Lemle & Kelleher, Carl J. Schumacher, Jr., New Orleans, for defendants-appellants.
Meyer Sabludowsky, Jorda S. Derbes, New Orleans, for relators.
McCALEB, Justice.
Plaintiff, a salaried minister in the employ of the Southwest Region Conference Association of Seventh Day Adventists, an incorporated body organized under the laws of the State of Texas "for the purpose of supporting public worship and benevolent, charitable, educational and missionary undertakings", sustained severe personal injuries during December of 1952 in an automobile accident near Colfax, Louisiana while making a trip with another minister, Reverend Jeter E. Cox, to attend a conference of the church corporation scheduled in Dallas, Texas. Claiming total and permanent disability as a consequence of the accident, plaintiff seeks recovery of workmen's compensation from the church corporation and its liability insurance carrier, the Indemnity Insurance Company of North America, at the rate of $30 per week for 400 weeks, together with the maximum legal allowance for hospital and medical expenses.
The defendants, while admitting the employment and the occurrence of the accident in the course thereof, resist liability for compensation on several grounds. Initially, they contend that the activities of the church corporation is not a trade, business or occupation within the meaning of our workmen's compensation statute, R.S. 23:1035. Secondly, it is asserted that a minister is not engaged in a hazardous employment and that the operation of a church corporation is not a hazardous trade, business or occupation, notwithstanding that the minister may be required to use an automobile in conducting church work. Thirdly, defendants maintain that, in any event, the workmen's compensation law should not be construed so as to include the operations of church corporations for, to do so, would be violative of the religious freedom provision contained in Section 4 of Article 1 of our Constitution and also the First and Fourteenth Amendments to the Federal Constitution. In addition, defendants deny that plaintiff has been permanently disabled.
*383 In the district court, there was judgment for plaintiff and against both defendants for compensation, as prayed for, and for $1000 medical expenses, it being provided that defendants would be entitled to credit against the judgment in the sum of $6500, which plaintiff had already obtained as damages in a compromise settlement of his tort claim against the other parties involved in the accident. The defendants appealed to the Court of Appeal for the Parish of Orleans and plaintiff answered the appeal, praying that the judgment be amended by eliminating therefrom the credit allowed to defendants. Thereafter, the Court of Appeal reversed the judgment of the district court and dismissed the suit, holding that the accident was not compensable (1) because the church corporation is not engaged in a trade, business or occupation and (2) that, even if it is, its activities are not hazardous since the use of motor vehicles does not constitute an essential feature of its pursuits. See 79 So.2d 595.
We granted certiorari and the case has been submitted for our decision.
The record shows that plaintiff was assigned a parish by the President of the Conference and that his duties consisted of conducting services three times a week, officiating at baptisms and funerals, responsibility for the financial and recreational programs of the church, parochial calls and voluntary, service in church-school activities. Plaintiff owned an automobile which was used in making his calls and the church corporation, in addition to his monthly salary, granted him an allowance for depreciation and for expenses growing out of the use of his automobile and also paid for liability insurance protecting him against loss for his legal liability which might result from the use of his car. The car was used extensively in his employment, covering approximately 1500 miles each month. Accordingly, it would appear that, for all intents and purposes, the use of the automobile was contemplated under his employment and was essential in the performance of his duties.
The primary question to be resolved in the case is whether or not a church corporation, being a charitable and non-profit organization, is a trade, business or occupation within the meaning of our workmen's compensation law.[1]
The Court of Appeal [79 So.2d 597], was of the opinion that "trade, business or occupation" does not comprehend a charitable or religious organization, since the purpose of the Act is to place the economic burden of employee injury initially on industry and ultimately upon the consumer. From this premise, it reasoned that nonprofitable enterprises were not intended to be covered by the Act. Comments by Professor Wex S. Malone, in his able treatise on Louisiana Workmen's Compensation Law and Practice, and cases from New York, California and South Carolina are said to fortify this conclusion.
The comment of Professor Malone (found on page 34 of his work) is merely a statement of the economic principle upon which workmen's compensation laws rest, i. e., the shifting of the burden of accidental injuries incident to employment from the injured employee onto the public through the employer. But this principle affords no ground for concluding that the compensation law does not apply to employers who do not engage in a trade, business or occupation for profit.[2] The Act, *384 unlike the laws of some other states (e. g., New York Workmen's Compensation Law prior to its 1928 amendment), does not, either in letter or spirit, limit its scope to businesses conducted for profit. On the contrary, its comprehensive provisions would seem to encompass an unrestricted field of operation. For example, R.S. 23:1034 includes within the scope of the statute all public employees in the service of the State or other political subdivisions, incorporated public boards, etc. This, alone, manifests that it was never intended by the Legislature that the Act was to be confined to individuals and corporations engaged only in trades or businesses operated for profit.
The Workmen's Compensation Act, as we have many times said, is paternal legislation and is to be given a liberal construction by the Courts.[3] Hence, in determining whether a particular calling is within the purview of the law, the meaning of the language "trade, business, or occupation" should be considered in its broadest aspect so as to include all types of pursuits and we must assume that, if the Legislature intended to exclude any particular enterprise, it would have specially excepted it.
The term "business" has no definite or legal meaning. See Black's Law Dictionary, 4th Ed., page 248. It is a general term with widely variegated meanings and has been defined as "That which busies, or engages time, attention, or labor, as a principal serious concern or interest". Webster's New International Dictionary, 2d Ed.[4]
Thus we see that, by giving the term "trade, business, or occupation" the comprehensive meaning to which it is entitled, no difficulty is encountered in reaching the conclusion that the defendant church corporation is conducting a business. The Supreme Court of Iowa expressed the same view, but more emphatically, in Gardner v. Trustees of Main Street Methodist E. Church, 217 Iowa 1390, 250 N.W. 740, 746, where, in interpreting similar language of the Workmen's Compensation Law of that State, it said:
"To claim that a church has no business is the height of absurdity. The greatest business in this Christian nation is that conducted by its churches. That it is not conducted for pecuniary gain makes it none the less a business."[5]
The cases cited by the Court of Appeal are inapposite and do not sustain the conclusion reached by it that the operation of a church corporation is not a trade, business or occupation.
*385 In Dillon v. Trustees of St. Patrick's Cathedral, 234 N.Y. 225, 137 N.E. 311, 312, it was held that the religious corporation was not engaged in a trade, business or occupation within contemplation of the Workmen's Compensation Law of the State of New York because the law of New York, at that time,[6] was applicable only to trades, businesses or occupations "`carried on by the employer for pecuniary gain, * * *'". Workmen's Compensation Law, § 3, subd. 5.
The decisions in Hartford Accident and Indemnity Co. v. Department of Industrial Relations, 139 Cal.App. 632, 34 P.2d 826; Caughman v. Columbia Y.M.C.A., 212 S.C. 337, 47 S.E.2d 788, as well as Zoulalian v. New England Sanatorium and Benevolent Association, 230 Mass. 102, 119 N.E. 686, L.R.A.1918F, 185, all denying compensation to employees of charitable institutions, were based on the premise that, since the compensation acts in those states did not specifically include charitable institutions and since there was no common law liability imposed on such institutions under the doctrine of respondeat superior, such corporations would have had to be specifically included in the statutes in order for them to be liable for workmen's compensation. These rulings, of course, have no pertinence here in Louisiana, or in the majority of the states, where it is well settled that charitable corporations are not exempt from responsibility for personal injuries to third persons and servants under the "Trust Fund Doctrine". See 10 Am. Jur. Verbo "Charities" Sections 153 and 154; Bougon v. Volunteers of America, La.App., 151 So. 797; Unser v. Baptist Rescue Mission, La.App., 157 So. 298 and Lusk v. United States Fidelity & Guaranty Co., La.App., 199 So. 666.
Since we are of the opinion that the church corporation conducts a business within the meaning of the Act, we next consider defendants' contention that its operations are not hazardous and, further, that plaintiff's employment is likewise not hazardous.
Although the conducting of a church organization is not hazardous per se, this does not mean that such a body is not amenable to the provisions of the Compensation Act if its operations are such as to entail the use of automobiles as a necessary incident thereto. Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380; Crews v. Levitan Smart Shops, La.App., 171 So. 608; Franz v. Sun Indemnity Co. of New York, La.App., 7 So.2d 636 and Reagor v. First Nat. Life Insurance Co., 212 La. 789, 33 So.2d 521. Indeed, it is well established by the foregoing authorities and others too numerous to mention that, if a business normally nonhazardous has hazardous features, any employee regularly exposed to the hazardous features is entitled to workmen's compensation even though, when injured, he is engaged in the nonhazardous branch of his work. Byas v. Hotel Bentley Inc., 157 La. 1030, 103 So. 303.
As we have above indicated, we think it manifest in the case at bar that the functions of the agents and employees of the church corporation could not be efficiently performed without the aid of motor vehicles and we have no doubt that the plaintiff's use of his automobile in the various aspects of his work was not only expected by the church corporation but was deemed by it to be essential, as evidenced by the fact that it assumed the cost thereof.
The Court of Appeal, in concluding otherwise, relied in the main on Brownfield v. Southern Amusement Co., 196 La. 73, 198 So. 656.[7] Even if the Brownfield *386 case could be considered as authority,[8] the facts of that matter are not comparable to those of the instant suit and hence it could not be regarded as parallel. There, it was found on first hearing that plaintiff, employed in a clerical capacity, was not covered by the compensation law merely because she occasionally used her personal automobile in checking outdoor advertising matter and in transporting delayed motion picture films from Shreveport to Mansfield. The rationale of the decision is that the use of the automobile was so remotely connected with the employer's business as to make the risk from its operation negligible. Surely, the same cannot be said of the use by plaintiff of his automobile in the instant case. This was an every day affair necessitated by the work of the church and the demands of plaintiff's calling.
Nor are we impressed with defendants' claim that application of the compensation law to the church corporation would violate the State and Federal Constitutions. Section 4 of Article 1 of the State Constitution guarantees religious freedom and prohibits discrimination against any church, sect or creed of religion. It does not exempt a church corporation, in the absence of special exception, from the laws of the State which apply equally to all without regard to their race, color or creed.
Defendants' assertion of a supposed violation of the First and Fourteenth Amendments to the Federal Constitution is insubstantial for the reason given above.
We also note that defendants are contending that plaintiff was not an employee within the contemplation of the Workmen's Compensation Act. We think our recent decision in Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515 disposes of this contention. There, it was held that a partner in a commercial business was an employee within the meaning of the Act. The rationale of that decision would apply a fortiori to the instant case where plaintiff was employed at a definite monthly salary and had placed his time and service at the call of a superior. See Taylor v. St. Paul's Universalist Church, 109 Conn. 178, 145 A. 887; Bernstein v. Beth Israel Hospital, 236 N.Y. 268, 140 N.E. 694, 30 A.L.R. 598 and Gomber v. Industrial Commission, 219 Wis. 91, 261 N. W. 409.
We therefore conclude that the accident out of which this suit stems is compensable, provided, of course, that plaintiff has suffered disability therefrom. As this question and certain other contentions raised by the litigants have not been passed on by the Court of Appeal, we will remand the case to that court for further proceedings in conformity with our policy in these matters. See Thomas v. Checker Cab Company, 229 La. 1079, 87 So.2d 605 and authorities there cited.
The judgment of the Court of Appeal is therefore reversed and the case is now remanded to said court for further proceedings in accordance with law and consistent with the views herein expressed. The costs of the proceedings in this court are to be paid by defendants.
HAMITER, Justice (concurring).
If the decision in this cause depended entirely on a consideration of the demand in the light of the provisions of the Louisiana Workmen's Compensation Act as written, LSA-R.S. 23:1035, I should be inclined to the view that a church corporation does not engage in a hazardous trade, business or occupation as contemplated by the statute and, hence, that the claim of this plaintiff is not compensable.
However, through extremely liberal interpretations given in connection with numerous decisions of this court and of our Courts of Appeal (with many of which I have disagreed) those statutory provisions *387 have been extended so as to include "all types of pursuits" (as stated in the majority opinion) in which motor vehicles are used; and the Legislature, although it has often met in regular session, has consistently permitted such interpretations and extensions to go unchallenged. For this reason I am forced to the conclusion that the Louisiana Workmen's Compensation Act is here applicable and that plaintiff is entitled to the benefits which it affords.
I respectfully concur.
HAWTHORNE, Justice (dissenting).
I am of the opinion that the judgment of the Court of Appeal is correct and should be affirmed. See 79 So.2d 600.
NOTES
[1] U.S. 23:1035 provides, in part, that: "The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation in the following hazardous trades, businesses and occupations: * * *". (Emphasis ours.)
[2] Nor can it be said that it would be violative of the economic principle of workmen's compensation to hold that the law applies to charitable and religious organizations as well as to businesses conducted for profit. In both cases, the costs of the injuries are ultimately passed on to the public  specifically, to those supporting the charity or religious institutions in the first instance, and those who purchase the goods or services, in the latter.
[3] For our most recent expression see Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522.
[4] "Business" is also specifically defined in Webster's Dictionary as "(a) Constant employment; regular occupation; work; as, the business of living; business before pleasure. (b) Any particular occupation or employment habitually engaged in, especially for livelihood or gain. (c) A particular subject of labor or attention; a temporary or special occupation or concern. `Wist ye not that I must be about my Father's business' Luke ii. 49".
[5] See also Massolini v. Driscoll, 114 Conn. 546, 159 A. 480, where it was held that the disposal of ashes or rubbish by a city was a business, within the meaning of the Workmen's Compensation Act of Connecticut; Schneider v. Salvation Army, 217 Minn. 448, 14 N.W.2d 467, 468, where it was found that the defendant was not exempted from liability for compensation, the court pointing out that "the fact that it is a purely charitable enterprise does not of itself release it from the obligations of our Workmen's Compensation Act, * * * which, unlike the acts of some states, does not except charitable or religious institutions, as such, from its operation, nor exclude their employes from its benefits"; Hope v. Barnes Hospital, 227 Mo.App. 1055, 55 S.W.2d 319, holding that the term "employer", as used in the Missouri Act, included charitable institutions since the Legislature did not specifically exempt them. And Taylor v. St. Paul's Universalist Church, 109 Conn. 178, 145 A. 887, where a minister injured while obtaining material to be used for church lectures was awarded compensation under the law of that State.
[6] But see Hall v. Salvation Army, 261 N. Y. 110, 184 N.E. 691, where the Court of Appeals held that workmen employed in the Salvation Army came within the New York Workmen's Compensation Law, as amended in 1928 and again in 1929.
[7] The Court of Appeal also cited Tregre v. Kratzer, La.App., 148 So. 271, the doctrine of which had been previously rejected by the same court in Crews v. Levitan Smart Shops, La.App., 171 So. 608; Comeaux v. South Coast Corporation, La. App., 175 So. 177 and Franz v. Sun Indemnity Co. of New York, La.App., 7 So. 2d 636.
[8] It is not, as a rehearing was granted and the case compromised after it had been argued and submitted on the rehearing. The granting of a rehearing had the effect of setting aside the original opinion and decree.