GLADNEY, Judge.
Jessie L. Freeman obtained a judgment for workmen’s compensation as for total and permanent disability from which defendant has appealed. In assigning error and denying liability, appellant contends that Freeman’s employment was not hazardous within contemplation of the Employers’ Liability Act, LSA-R.S. 23:1021 et seq., that he provoked the difficulty which led to his injury and, finally, that his disability resulted from intoxication.
Plaintiff on June 19, 1954, received a stab wound in the left arm with injury to the radial nerve, at which time he was acting in the course and scope of his employment as a salesman and collector. During the previous week plaintiff was shown the route assigned to him and received instruc *421 tion in his duties connected with collections and the sale of merchandise consisting of clothing, ready-to-wear, bed spreads, towels, household appliances, television sets, and practically everything in the household line. In order to cover his route and supply his customers his employment required that he own a car or truck and plaintiff did so provide a truck which was owned by him and used to carry on his work. The goods tendered for sale were kept in defendant’s warehouse from which they were loaded into plaintiff’s truck and as sold, delivered direct to his customers. Freeman was remunerated with a commission of 30% of his sales. He received $75 for his first week’s employment but was informed by his employer he should thereafter realize $125 per week. His employer retained the right to discharge the employee at any time.
While being assigned his route and introduced to his customers he visited the house of Aggie Shelton, a Negro woman, to make a collection, and was advised by her to come back on the following Saturday, June 19th, and she would pay something on the account. . On the Saturday aforesaid Freeman was making his route in his truck for the purpose of collecting for prior sales and he started work early that morning. After working all day, about 8:00 o’clock in the evening he drove his truck to Aggie Shelton’s house. An argument concerning the promised payment ensued and Aggie Shelton left the porch where the discussion was taking place and went inside the house, which was dark. Plaintiff was holding in his hands his collection cards and a pencil when he was stabbed with a butcher knife through the screen door. Freeman then left and drove to his lodging and after receiving some first aid assistance from his neighbors, he was carried in an ambulance to a hospital where he remained until Monday afternoon under treatment by Dr. James W. Tucker.
Counsel for appellant earnestly argues the business of the defendant was not hazardous within the meaning of the Workmen’s Compensation Act, principally resting his contention on the holding of this court in Reagor v. First National Life Insurance Company, La.App.1946-1947, 28 So. 2d 527, 212 La. 789, 33 So.2d 521, Id., La. App., 85 So.2d 312. It is well settled by our jurisprudence that it is not the work performed by the particular employee which determines whether the employer is engaged in an occupation contemplated by the statute. Consideration of the duties of a particular employee are important only to the extent that those duties may indicate the nature of the business in which the master or the employer is engaged; for whatever may be the duties of the employee, the act has no application unless a trade, business or occupation of the employer brings him under it. The statute itself so provides: “Every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation in the following hazardous trades, businesses and occupations”. LSA-R.S. 23:1035.
The very nature of defendant’s business involved the use of trucks in the delivery of merchandise and the instant employee was required to own and drive such a vehicle. The operation of the motor vehicle unquestionably was a necessary incident in the master’s business and, therefore, a hazardous feature which subjected defendant to the provisions of the Workmen’s Compensation Statute. The following decisions are authoritative and informative upon the announced principle:
Franz v. Sun Indemnity Company of New York, La.App.1942, 7 So.2d 636 and Richardson v. Crescent Forwarding & Transportation Company, Ltd., 1931, 17 La.App. 428, 135 So. 688; Haddad v. Commercial Motor Truck Company, 1920, 146 La. 897, 84 So. 197, 9 A.L.R. 1380; State v. Lanasa, 1922, 151 La. 706, 92 So. 306; Holland v. Continental Casualty Company, La.App. 1934, 155 So. 63; Crews v. Levitan Smart Shops, Inc., La.App.1937, 171 So. 608; Pierre v. Farm Development Corporation, La.App. 1949, 39 So.2d 154; Fields v. General Casualty Company of America, La.App.1948, 36 So.2d 843, affirmed 216 La. 940, 45 So.2d 85; Livingston v. Henry & Hall, La.App. 1952, 59 So.2d 892; Troquille v. Lacaze’s *422 Estate, La.App.1952, 59 So.2d 505, Id., 1953, 222 La. 611, 63 So.2d 139; Edwards v. Louisiana Forestry Commission, 1952, 221 La. 818, 60 So.2d 449.
We think the Reagor case inapposite. Our opinion was reviewed by the Supreme Court and although the exception of no cause and no right of action sustained by the district court and this court was affirmed, the case was remanded by the Supreme Court to permit plaintiff to amend his petition to state a cause of action. See Reagor v. First National Life Insurance Company, 1946-1947, 212 La. 789, 33 So.2d 521, 522. In remanding the case, the Supreme Court declared:
“The insurance business is not one of the occupations designated as hazardous * * *. However, this does not mean that defendant is not amenable to the provisions of the Act if, as plaintiff claims, the business entails the operatiomof automobiles as a necessary incident thereto. Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A.L.R. 1380; provided, of course, that plaintiff is sometimes brought into contact with the hazardous features. Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.”
Thus in the Reagor case plaintiff’s petition did not allege that the use of an automobile was a necessary incident in the employer’s business, and for this reason it did not state a cause of action.
During the course of the trial the testimony of a number of witnesses was elicited by defendant for the purpose of proving Freeman’s intoxication at the time of injury. The defense was not made out as the record does hot present evidence that would warrant this court in finding the employee was under the influence of liquor at the time of his injury. The trial court held the defense not to have merit and we are of that same opinion.
The judge a quo likewise concluded that the evidence did not prove the employee’s willful intention to injure another. A review of the evidence consisting of the testimony of Frances Burgy, Aggie Shelton and plaintiff, the only eye witnesses to the affray, has convinced us that Aggie Shelton was not justified in inflicting the stab wound in plaintiff’s arm. The evidence conclusively shows that at the time plaintiff was stabbed a screen door was partially closed. Plaintiff had in one of his hands his collection cards and he was stabbed through the screen door. He denied having used words of a provocative character or employing physical force in the encounter. The testimony of Aggie Shelton and her daughter, Frances Burgy, is unsatisfactory because of conflicting statements and we think the trial judge did not err in discrediting the two witnesses and holding that the defense was not established. In Gross v. Great Atlantic & Pacific Tea Company, La.App.1946, 25 So.2d 837, the court held that mere verbal provocations, unless they are extremely serious, should not be considered in a compensation proceeding as the commencement of an affray resulting in injury to compensation claimant, but the court should look to the first physical act or the first threat of violence accompanied by apparent attempt to carry out the threat.
Appellant presents two further objections to the judgment from which the appeal was taken. The first of these relates to the amount of compensation awarded, and the second to the provision of the decree awarding plaintiff compensation during disability not to exceed 400 weeks.
Counsel for appellant argues the record does not indicate the amount of weekly earnings of Freeman, and, therefore, his judgment should be reduced to the minimum provided by the statute. We think this position is untenable. Plaintiff earned $75 during the week previous to his injury and he was assured that in the succeeding weeks of full employment he should earn about $125 per week. At the time of trial plaintiff had become separated from his employment with the defendant and had secured a job peddling small merchandise from which he made about $25 per week. *423 Arguendo, even should we hold the two employments herein mentioned of plaintiff were similar, for as much as the evidence shows continuing disability, plaintiff would be entitled to 65% of the difference between his former weekly earnings and the earnings at the time of trial. LSA-R.S. 23:1221(3). This difference would be in excess of $30 per week, the maximum payment under the Workmen’s Compensation Act.
The attending physician, Dr. James W. Tucker, was the only medical expert testifying as to the extent and duration of the disability. Dr. Tucker somewhat reluctantly expressed the opinion Freeman’s disability would continue for not less than six months and about a year after the trial. Considered in its entirety the doctor’s testimony indicated an uncertain prognosis. 'Citing Delahoussaye v. D. M. Glazer & Company, Inc., La.App.1944, 185 So. 644 and Brown v. International Paper Company, La.App.1952, 58 So.2d 557, the district judge in his written reasons for judgment stated he did not feel that the medical testimony was sufficiently definite to enable an award for compensation for a specified number of weeks and accordingly awarded compensation during disability for the maximum period allowed. After a careful examination of the testimony of Dr. Tucker, we approve the ruling as being correct.
We affirm the judgment from which appealed, holding that the employment of plaintiff was hazardous within the meaning of the Workmen’s Compensation Act, that plaintiff did not forfeit his right to compensation by reason of intoxication or a willful intent to injure another, and that he is entitled to the maximum amount of compensation in accordance with the holding of the judgment from which appealed. All costs are assessed against defendant-appellant.
On Application for Rehearing.
Application for rehearing not considered by reason of failure to specify errors in accordance with provisions of Code of Practice and rules of this Court.