BOLIN, Judge.
Sam McDonald filed suit in forma pauper-is against S & S Realty Company and Ouachita Commercial Insurance Agency, *297 hereinafter referred to as Ouachita, for damages resulting from personal injuries sustained while removing a sign from a building owned by S & S Realty Company and leased to Ouachita. In the alternative, plaintiff asked for judgment against Ouachita for workmen’s compensation benefits and in the further alternative, against S & S Realty Company for benefits under the compensation act. From an adverse judgment on his demands against both defendants, plaintiff has appealed.
The record reveals that the terms of the lease agreement included a “save harmless” clause in favor of the lessor. The lessee was obligated to renovate the interior of the building for its own purposes and to maintain same in good repair with the exception of normal wear and tear. At the time of the accident, the insurance agency was in the process of repairing the interior and the realty company was painting the outside of the building.
Plaintiff was employed as a “helper” by Ouachita to assist the carpenter performing the inside work. While so employed, McDonald, in the process of removing a metal sign from the exterior, fell from a stepladder and suffered a comminuted fracture of the lower left tibia and fibula.
Claimant stated in his testimony that he was requested by one of the officers of the insurance agency to remove the sign. This was denied by the officer who disclaimed any knowledge of the motivation for the action of plaintiff in removing the sign.
It is the contention of the employee with regard to the tort liability of the defendants that the accident was caused by the building being in a state of disrepair. More specifically, that the mortar and bricks were in a deteriorated condition which allowed the sign to pull out when the nails at the bottom were removed. The lessor’s liability is assessed, according to appellant’s theory, by virtue of LSA-C.C. art. 2322 which reads:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
The lessee’s liability attaches by virtue of the lease agreement according to plaintiff’s argument.
We are of the opinion that the contentions in this respect are without merit as the very basis of such an argument is disrepair of the building. The trial judge found such not to be the case. In his written reasons for judgment he concluded as follows:
“In the first place, the evidence does not disclose that the building was in a faulty condition and in the second place,, the S & S Realty Company, as disclosed by the evidence, did not hire the plaintiff or authorize him to work on the outside of the building or on the sign. In fact, the evidence shows that the only alterations being made by the Insurance Company were on the inside of the building and that they had hired the plaintiff to clean up only on the inside of the building. * * * ”
We think the record fully supports the conclusion reached by our brother below. Therefore, it is not necessary to discuss the other issues that would have been presented upon a determination of this question of tort liability more favorable to plaintiff.
Though it is denied, the record shows that Ouachita Insurance Agency was the employer of McDonald. As plaintiff did not prove by any preponderance of the evidence that he had been requested by his employer to remove the sign, the allegations of general negligence are not relative.
 The next issue presented for our consideration is whether there is liability for workmen’s compensation payments by either defendant. There is no evidence that McDonald was employed by S & S Realty Company. In fact, the record shows that he was employed by Ouachita Insurance Agency .for the specific job of “clean-up man” to *298 assist in the work inside the premises. As there must exist an employer-employee relationship between claimant and defendant for liability under the Workmen’s Compensation Act, S & S Realty Company clearly cannot be assessed with the responsibility of satisfying plaintiff’s claim herein.
Therefore, in the final analysis, appellant’s case must stand or fall upon the question of whether Ouachita Commercial Insurance Agency is the type of business, trade or occupation covered by the Workmen’s Compensation Act. The pertinent provisions of this act extend coverage to workmen employed by those engaged in “hazardous trades, businesses [or] occupations” (LSA-R.S. 23 :1035). This section also provides for judicial determination of whether a trade, business or occupation not listed specifically is hazardous and within the purview of the statute. However, the business or activity of an insurance agency, with no attending hazardous factors, is not within the scope of the act. See Reagor v. First National Life Insurance Co., 1948, 212 La. 789, 33 So.2d 521. The precise issue presented herein is whether an employee hired by one engaged in a non-hazardous business, trade or occupation for the specific purpose of assisting in making capital repairs is within the coverage afforded by the legislative enactment. This is answered in the negative by McMorris v. Home Indemnity Insurance Co., 1958, 236 La. 292, 107 5o.2d 645, 646, wherein the following language from Shipp v. Bordelon, 1922, 152 La. 795, 94 So. 399, was quoted with approval :
“ ‘Hence, we see that it is not enough that the employe shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done ‘ “in the course of the employer’s trade,” etc., in certain trades, businesses, etc. In other words, the work must be of that character, and the employer must be engaged in that line of work as a trade, business, or occupation, in order that the act may apply. * *
As there is no evidence that the particular insurance agency herein concerned possessed any hazardous features, Ouachita Commercial Insurance Agency is not liable to plaintiff for workmen’s compensation benefits.
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.