314 So.2d 468 (1975)
Leon McBETH
v.
The SALVATION ARMY et al.
No. 6824.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1975.
Rehearing Denied July 10, 1975.
Writ Refused October 22, 1975.
Fine & Waltzer, Bruce C. Waltzer, New Orleans, for plaintiff-appellee.
Beard, Blue, Schmitt & Mathes, Robert M. Johnston, New Orleans, for defendants-appellees.
Drury, Lozes & Curry, James H. Drury and Madison C. Mosely, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and STOULIG, JJ.
*469 SAMUEL, Judge.
Plaintiff was injured in a motor vehicle accident while he was riding as a passenger in a Salvation Army truck. The truck, which was being used to pick up discarded clothing at Salvation Army receptacles, fell from an overpass when it collided with an automobile. At that time plaintiff was a "beneficiary" in a Salvation Army work therapy program.
As a result of the accident and injuries incurred therein, plaintiff instituted this suit in tort against The Salvation Army, its truck driver, and Fireman's Fund American Insurance Company (later corrected to The American Insurance Company), its liability insurer. Also named as defendants in the tort action were the respective owner, driver and liability insurer of the other vehicle involved, Hanson Breland, Wayne C. Breland and Commercial Union Insurance Company. In the alternative, only as to The Salvation Army and its compensation insurer, United States Fidelity and Guaranty Company, the suit seeks workmen's compensation.
Defendants answered in the form of general denials, alternatively pleading contributory negligence as to the action in tort. Thereafter, The Salvation Army, in its capacity as defendant in the tort claim, and The American Insurance Company, its liability insurer, filed a motion for summary judgment seeking dismissal of the tort action against them on the ground plaintiff was a Salvation Army employee when the accident occurred and therefore his only claim against The Salvation Army was for workmen's compensation. A motion for summary judgment also was filed by The Salvation Army, in its capacity as defendant in the compensation claim, and the United States Fidelity and Guaranty Company, its compensation insurer, seeking judgment dismissing the compensation claim against those defendants on the ground plaintiff was not an employee within the contemplation of our workmen's compensation law at the time of the accident.
Following trial of the two motions, there was judgment denying the motion made by The Salvation Army and United States Fidelity and Guaranty Company (seeking to have the compensation claim dismissed) and there also was judgment granting the motion made by The Salvation Army and The American Insurance Company, dismissing plaintiff's action for damages in tort as to those defendants, thus limiting his claim against The Salvation Army to workmen's compensation.[1]
Plaintiff has appealed from the above second mentioned summary judgment dismissing his tort action against The Salvation Army and its liability insurer.[2] The issue thus presented is whether he was an employee of The Salvation Army within the contemplation of our workmen's compensation law at the time the accident occurred.[3] Insofar as we have been able to determine, the question is res nova in this state.
The facts, as established by depositions offered in connection with the motions, are not in dispute.
The Salvation Army is a Christian Protestant church and a nonprofit Georgia corporation. Every Salvation Army officer is an ordained minister. It has a Men's Social Service Center in New Orleans which operates a rehabilitation program for homeless men with treatable handicaps.
*470 Most of those who come to the Center are alcoholics. They are given food, clothing, a place to sleep and a small weekly gratuity for such expenses as cigarettes, soft drinks, razor blades, etc. The gratuity varies and is dependent on the needs of each recipient; it is not based upon the type or amount of work he performs. There is no minimum allowance for beneficiaries but about $4.50 to $5 a week is considered sufficient for those newly admitted. In the case of alcoholics, for rehabilitation purposes The Salvation Army has found it inadvisable to give too much money. As a part of the rehabilitation program, all beneficiaries are required to do some sort of work to get their minds off their problems and as a matter of personal pride in themselves. The maximum given a beneficiary is $15 per week and for those who progress satisfactorily, it is possible to work up to employee status where they earn a regular hourly wage, can accept outside employment and can live in the community rather than in the Center.
The Center in New Orleans is self-supporting. It obtains discarded items which are donated. These items are processed, refurbished and sold to the public. The program generates gross sales of approximately $450,000 per year, income derived from the donation of the discarded items and from the work of the beneficiaries and employees. The income so obtained pays for the operation of the Center, including the maintenance of the beneficiaries and employees, such as room, board and gratuities to the beneficiaries and salaries to the employees.
Plaintiff, an alcoholic, first came to the Center in April, 1972 as a beneficiary, a status he retained during the entire time he was associated with The Salvation Army. In return for room, board, clothing and some weekly spending money, he was required to work 40 hours a week under the direction of a foreman. He received an allowance of $4.50 the first week. After approximately 18 weeks he was receiving the maximum amount of $15 weekly, but his allowance was reduced on several later occasions. At the time of the accident he was receiving about $6 a week. He was dismissed for drinking October 19, 1972 and readmitted October 30, 1972 when he was assigned to the small appliance center. On January 11, 1973 he walked off on a weekend after drinking and was readmitted March 3, 1973. He again left on March 8, 1973, again due to drinking, and returned March 23, 1973 when he was assigned to help in the store. He left March 26, 1973 and was readmitted April 10, 1973 as a helper in the reupholstery shop where he remained until May 5, 1973, the date of the accident.
The application plaintiff signed at the time of his admission on April 10, 1972 stated he did not have a job. He listed his occupation as carpenter, painter, cook. His reason for requesting assistance was "to work and have a home". Insofar as may be pertinent to this appeal, the application provided:
"I understand that The Salvation Army is a religious and charitable organization and that this Men's Social Service Center is dedicated solely to the social and physical rehabilitation and the spiritual regeneration of those persons who are in need of such assistance.
I further understand that under no circumstances can this Center be under any obligation to me; and that I am a beneficiary and not an employee of this Center.
I further understand that my admission and continued residence is dependent upon my needing such assistance and my willingness to help myself and others so situated, including the voluntary performance of such duties as may be assigned to me.
I agree for myself, my heirs or assigns, that should any accident occur involving personal injury to myself, or loss or damage to my property during my *471 residence in this Center, to hold The Salvation Army free and harmless from any and all liability in connection therewith."
In this court the litigants have argued the issue of whether the above quoted portions of the application for admission to the Center, particularly its hold harmless agreement relative to liability for personal injuries and its statements that the signer understands the Center is under no obligation to him and he is not an employee, constitutes a waiver of the provisions of the workmen's compensation law or amounts to an estoppel with the same result.[4] Because of our conclusion reached on other grounds, we find it unnecessary to consider this issue.
While there appears to be no Louisiana case on point, we have been cited to three somewhat similar factual cases from other jurisdictions involving, of course, their compensation statutes, Schneider v. Salvation Army, 217 Minn. 448, 14 N.W.2d 467, a 1944 Minnesota case, Hanson v. St. James Hotel, 191 Minn. 315, 254 N.W. 5, a 1934 Minnesota case, and Hall v. Salvation Army, 261 N.Y. 110, 184 N.E. 691, a 1933 New York case. In Schneider and in Hall the plaintiffs were found to be employees of the defendant and entitled to compensation. Those two cases are distinguishable from the instant matter.
In Hall, the court stated its decision was not intended to cover inmates taken in as a matter of charity, furnished with board and lodging, and sometimes given clothing and small sums of money, even though such persons were required to perform manual services; the court limited its holding to deciding the findings of fact by the Industrial Board, that the plaintiff was employed under a contract of hire, express or implied, at the time of the injury, were "sustained by some evidence". In Schneider, plaintiff had applied for admission in 1928. With the exception of a short interval in 1931 and another in 1936, he lived and worked in the Men's Social Service Department for approximately 14 years until April 17, 1942, the date of his injury. He had shown an aptitude for the work and a willingness to continue on an indefinite basis and received a regular increase in cash grants. Schneider also was a review of an industrial commission's finding of fact that a contract of hire existed between the litigants at the time the injuries were incurred. The court held that finding of fact was justified on the evidence adduced, primarily because the work done by the plaintiff was of a permanent nature and necessary to the carrying on of the defendant's activities. It stated its determination was based on the particular facts involved and was not a departure from the earlier rule established by the same court in Hanson, the second case cited above, which governed situations where indigent men applying for relief at charitable institutions were assigned work, other than on a permanent basis, mainly for the purpose of building up their moral stamina. Hanson reversed an industrial commission decision awarding compensation to the plaintiff as an employee.
Our courts have held the Louisiana Compensation Act was designed to cover all employees who might reasonably be brought under its protection and should be construed liberally to that end.[5] However, *472 the statute does not define what constitutes an employee. In pertinent part, LSA-R.S. 23:1044 simply provides: "A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." (emphasis ours).
Because we are of the opinion plaintiff was not "rendering service for" The Salvation Army within the contemplation of LSA-R.S. 23:1044, the presumption of that statutory provision is not applicable in the instant case. The program in which he took part was instituted and carried on solely for the purpose of helping the plaintiff and others in his situation. The work performed by him as a beneficiary was a part of that program, designed for his rehabilitation. Thus, his work did not accrue to the benefit of The Salvation Army; it accrued to the benefit of the plaintiff himself.
Under our compensation law, the essence of the employer-employee relationship is a contractual hiring, either express or implied; in the absence of such a relationship, the law is not applicable.[6] Here we find no such relationship. There was no express contract of hiring, either written or oral, nor was any such contract implied. As shown by plaintiff's application for admission and by the depositions in the record, both plaintiff and The Salvation Army were fully aware of the fact that plaintiff was a beneficiary, a person being helped by a charity organization, and not in any reasonable sense an employee.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the motion for summary judgment filed by The Salvation Army, in its capacity as defendant in the tort claim, and The American Insurance Company, its liability insurer, be denied. The matter is remanded to the trial court for further proceedings in accordance with law and with the views expressed in this opinion. Costs of this appeal are to be paid by The Salvation Army and The American Insurance Company. All other costs are to await a final determination.
Reversed and remanded.
NOTES
[1] The remedy under our workmen's compensation law is exclusive. LSA-R.S. 23:1032.
[2] An appeal cannot be taken from a refusal to render a summary judgment. LSA-C.C.P. Art. 968.
[3] The Supreme Court of Louisiana has held that a church can be an employer within the provisions of the compensation statute. In Meyers v. S. W. Reg. Con. Ass'n. of Seventh Day Adv., 230 La. 310, 88 So.2d 381, a minister injured in an automobile accident on his way to a church conference was held entitled to compensation benefits.
[4] In pertinent part LSA-R.S. 23:1039 provides:

"Every contract of hiring, verbal, written or implied between an employer and an employee engaged in any trade, business or occupation. . . determined to be hazardous. . . shall be presumed to have been made subject to the provisions of this Chapter, unless there is as a part of the contract an express statement in writing, either in the contract itself or by written notice by either party to the other, that the provisions of this Chapter . . . are not intended to apply; . . ."
[5] Thibodaux v. Sun Oil Co., La.App., 40 So. 2d 761, aff'd. 218 La. 453, 49 So.2d 852; Spanja v. Thibodaux Boiler Works, La.App., 2 So.2d 668.
[6] See LSA-R.S. 23:1039; Gaspard v. Travelers Insurance Co., La.App., 284 So.2d 104; Loomis v. Highland Hospital, Inc., La.App., 274 So.2d 200; St. Paul Fire & Marine Insurance Co. v. Richard, La.App., 208 So.2d 35; Young v. Petty Stave & Lbr. Co., 7 La. App. 90; Malone, Louisiana Workmen's Compensation, § 52, p. 53.